William A. TURPIN, Plaintiff-Appellant,

v.

Richard A. KING, Director, Department of Revenue, Defendant-Respondent.

No. 13834.

Missouri Court of Appeals, Southern District, Division Two.

June 28, 1985.

William L. Mauck, Yates, Mauck, Robinett & Bohrer, Inc., Springfield, for plaintiff-appellant.

John D. Ashcroft, Atty. Gen., Richard L. Wieler, Melodie A. Powell, Asst. Attys. Gen., Jefferson City, for defendant-respondent.

PREWITT, Chief Judge.

Appellant's license to operate a motor vehicle was revoked because of failure to submit to a chemical test for the alcoholic content of his blood. He requested a hearing under § 577.041.2, RSMo Supp.1984. The trial court initially stayed the revocation, then following a hearing, ordered the revocation reinstated.

Appellant contends that the trial court erred by limiting its review to the matters stated in § 577.041.2, set forth below.* He says this section "contravenes Section 18, Article V of the Constitution of Missouri and the trial court erred by applying a narrower standard of review than that which is constitutionally required". He also claims that as § 577.041.2 limits the review "to a narrower scope than that provided for by Section 536.140, the trial court erred in conducting its review according to the former statute and thereby deprived Appellant of the equality of rights under the law assured him by Section 2, Article I of the Constitution of Missouri."

According to the record these assertions were first raised on appeal. Thus, they are not preserved for our review. By not raising them in the trial court they are waived. *Stenger v. Great Southern Savings & Loan Ass'n*, 677 S.W.2d 376, 382 (Mo.App. 1984); *State v. Tatum*, 653 S.W.2d 241, 243 (Mo.App.1983).

■ We next discuss appellant's assertion that the trial court erred "because there was no evidence whatsoever that a 'sworn report' setting forth the statutory grounds for revocation was submitted by the arresting officer" to the Director of Revenue. See § 577.041.1, RSMo Supp. 1984.

There was no necessity for evidence of such a report. Proof that the report was made is not essential for the trial judge to determine the matters stated in § 577.041.-2. *Stenzel v. State, Dept. of Revenue*, 536 S.W.2d 163, 169 (Mo.App.1976). Some of the statements in *Stenzel* regarding such reports may be, as appellant urges, dicta but we agree with its statements on the issue here. This point is denied.

We next consider appellant's contention that in order for there to be a refusal to take a test within the meaning of § 577.-041.2 "the request to submit to the test must be preceded by cogent advice of the consequences of refusal; and, there was no substantial evidence that such advice was given prior to requesting Appellant to submit to the test." Appellant asserts that he was only asked once to take the test and on that occasion he was not previously advised that his license might be revoked if he refused. See § 577.041.1, RSMo Supp. 1984.

■ The arresting officer testified that he asked appellant to take the chemical test and appellant refused. The officer said that he did not advise appellant before that request that if he did not take his test he might lose his license. The officer said he then informed appellant of the consequences of the refusal and appellant again said that he was not going to take the test. This testimony shows that appellant was advised of the consequences and thereafter refused to take the test. It is a fair inference that by this advice appellant understood he was again being asked to take the test. His responding again that he was not going to take it so indicates. The evidence was sufficient to justify the trial court in finding that appellant knew the consequences and thereafter refused to take the test. This point is denied.

■ Appellant also contends that the trial court erred in finding that he refused to submit to a chemical test "in that there was no evidence that the means for administering such a test were reasonably available for such purpose at the time and place of Appellant's arrest; and, that a properly qualified and licensed technician was reasonably available to administer the test."

---

* § 577.041.2 states:

If a person's license has been revoked because of his refusal to submit to a chemical test, he may request a hearing before a court of record in the county in which he resides or in the county in which the arrest occurred. Upon his request the clerk of the court shall notify the prosecuting attorney of the county and the prosecutor shall appear at the hearing on behalf of the arresting officer. At the hearing the judge shall determine only:

(1) Whether or not the person was arrested;

(2) Whether or not the arresting officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated condition; and

(3) Whether or not the person refused to submit to the test.

This had no merit. The findings required under § 577.041.2 do not require such evidence.

In his remaining point appellant asserts that the trial court's findings were erroneous "in the face of evidence indicating that Appellant's right to consult with counsel prior to accepting or refusing to submit to a chemical test for blood alcohol was not accorded to him."

Appellant testified that he was not advised of his right to consult with an attorney and there was no evidence offered that he was. He contends that under *Berkemer v. McCarty*, 468 U.S. ——, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984), he was entitled to be advised of his rights as set forth in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Appellant's reliance on *Berkemer v. McCarty* is misplaced. There, statements made were held inadmissible since the "Miranda" warning was not given. No such statements were offered here. Missouri courts hold that no Miranda warning is necessary for a valid request for a driver to take a chemical test. See *Spradling v. Deimeke*, 528 S.W.2d 759, 764 (1975); *State v. Farmer*, 548 S.W.2d 202, 206 (Mo.App. 1977). The United States Supreme Court agrees. *South Dakota v. Neville*, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983). This point is denied.

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.