**Patricia Ellen RAINS, Plaintiff-Appellant,**

v.

**Richard B. KING, Director, Department of Revenue, Defendant-Respondent.**

**No. 13894.**

Missouri Court of Appeals, Southern District, Division Two.

Aug. 8, 1985.

Dan K. Purdy, Osceola, for plaintiff-appellant.

Tony E. Swetnam, Pros. Atty., Stockton, for defendant-respondent.

PREWITT, Chief Judge.

Appellant's license to operate a motor vehicle was revoked because she refused a chemical test for the alcoholic content of her blood. She requested a hearing under § 577.041.2, RSMo Supp.1984.* Following

---

* Section 577.041.2, RSMo Supp.1984 states:

"If a person's license has been revoked because of his refusal to submit to a chemical test, he may request a hearing before a court of record in the county in which he resides or in the county in which the arrest occurred. Upon his request the clerk of the court shall notify the prosecuting attorney of the county and the prosecutor shall appear at the hearing on behalf of

the hearing the trial court found that the revocation was proper and denied appellant's petition for relief.

Appellant was stopped in Humansville while driving a motor vehicle, and arrested for intoxicated driving. Thereafter, she was taken by the arresting officer to the Polk County Sheriff's office in Bolivar for a chemical test of the alcoholic content of her blood. Appellant and the deputy sheriff who was present to give her the test testified that appellant said she would take the test if the arresting officer was not present. The arresting officer testified that the appellant unequivocally refused to take the test and he did not recall her stating any conditions by which she would take the test. Appellant stated she had consumed alcohol prior to driving but denied that she was intoxicated.

Appellant presents three points relied on. She states in her first point that the trial court erred in finding that she refused to submit to a breathalyzer test because she stated she would take the test if the arresting officer was not present while the test was being administered.

Of course, the credibility of the witnesses is primarily for the trial judge. Rule 73.01(c)(2); *Trimble v. State*, 588 S.W.2d 168, 170 (Mo.App.1979). As the trier of fact he could have believed the arresting officer and found that appellant refused the test without giving any conditions under which she would take it. As no findings of fact were asked for or made we consider all fact issues as having been found in accordance with the result. Rule 73.01(a)(2).

Moreover, even if the judge believed appellant and the testing officer that appellant would take the test if the arresting officer left, the conditional consent could constitute a refusal. Neither appellant's testimony nor any other part of the record

satisfactorily explains why appellant did not want the arresting officer present. The closest thing to an explanation is the following from appellant's testimony:

"Q. Did you tell them over there, what did you say about taking the breathalyzer test when you got over to Bolivar?
A. I said that I'd take one, but I didn't want to go back in the room where he was, because we didn't have too great a conversation on the way to Bolivar. I was pretty upset with him and I have what you call a Rains' temper."

There may be situations where it is desirable that someone other than the person administering the test be present so as to assure that the person arrested does not try to escape, assault the testing officer, or damage the testing equipment. Also, here the officer who was present to administer the test said he considered appellant "a friend" and the arresting officer may have wanted to observe the test to make sure no favoritism was shown.

 Even assuming that there could be circumstances where it would be unfair to the one being tested to have the arresting officer present when the test was given, no such evidence was presented in the current case. Appellant had no absolute right to have the arresting officer leave. The condition she claims to have placed on taking the test was not shown to have been on any reasonable basis and therefore constituted a refusal under the law. A "qualified or conditional consent or refusal" can be a refusal to take a chemical test for blood alcohol content. *Spradling v. Deimeke*, 528 S.W.2d 759, 766 (Mo.1975). Appellant's first point is denied.

Appellant's second point states: "The court erred in finding that the Director of Revenue had properly revoked plaintiffs operators license for failure to submit to a

the arresting officer. At the hearing the judge shall determine only:
(1) Whether or not the person was arrested;
(2) Whether or not the arresting officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated condition; and

(3) Whether or not the person refused to submit to the test."
Judicial review under § 577.041 is a civil proceeding. *Kiso v. King*, 691 S.W.2d 374, 377 (Mo.App.1985).

breathalyzer test in that, for all the evidence discloses no 'affidavit' describing plaintiffs 'refusal' was ever submitted to the director."

Section 577.041.1, RSMo Supp.1984, states in part that "the arresting officer, if he so believes, shall make a sworn report to the director of revenue that he has reasonable grounds to believe that the arrested person was driving a motor vehicle while in an intoxicated condition and that, on his request, refused to submit to the test." Appellant contends that there is no evidence that the document sent to the Director of Revenue was "sworn to".

This contention is directly contrary to appellant's petition. It says that after the officer arrested appellant "said officer did submit an affidavit to the Department of Revenue alleging that Plaintiff had refused to take and submit to a chemical test for her breath for the purpose of determining the alcoholic content of her blood."

■ The petition aside, there is no merit to this point. Proof that the "sworn report" was sent to the Director of Revenue is not essential for the trial judge to determine the matters stated in § 577.041.2, RSMo Supp.1984 (previously set out marginally). *Turpin v. King,* 693 S.W.2d 894, (Mo.App.1985); *Stenzel v. State, Dept. of Revenue,* 536 S.W.2d 163, 169 (Mo.App. 1976).

■ For her remaining point appellant asserts that the trial court erred because its findings were against the overwhelming weight of the evidence and were not based upon substantial evidence upon the whole record.

Appellate courts should set aside a judgment on the ground that it is "against the weight of the evidence" with caution and only when there is a firm belief that the judgment is wrong. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

Due regard must be given by an appellate court to the opportunity of the trial court to have judged the credibility of witnesses. Rule 73.01(c)(2). The trial judge was in a better position than we to judge the witnesses' credibility. There was substantial evidence from the arresting officer's testimony to support the trial court's findings and we have no firm belief that the judgment was wrong.

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.