**Karen KOCH, Petitioner–Appellant,**

v.

**Paul McNEILL, Director of Revenue, Respondent–Respondent.**

No. 53108.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 26, 1988.

David J. Rauscher, Clayton, for petitioner-appellant.

James Patrick Bick Jr., Clayton, for respondent-respondent.

REINHARD, Judge.

Petitioner appeals from the trial court's denial of her petition to review the revocation of her driver's license for refusal to submit to a chemical test of the alcoholic content of her blood. § 577.041, RSMo. 1986. Her sole contention is that the court erred in finding she refused to submit to a test. We affirm.

On January 15, 1987, at approximately 1:45 a.m., Sergeant Dale Bailey stopped and arrested petitioner in St. Louis County for intoxicated driving. He took her to the Creve Coeur police station, where he informed her of her rights and read to her the implied consent form.

Sergeant Bailey testified as follows: he asked her if she would take a breath-test, but she refused; he then re-read the im-

plied consent form to ensure she understood the consequences of her refusal. She stated she wanted to contact her attorney and Sergeant Martin of the Creve Coeur Police Department, but she did not have their telephone numbers; she did contact her brother, and after he advised her to take the test, she again refused to take it; petitioner's brother came to the police station and advised her to take the test; Sergeant Bailey asked her twice if she would consent to taking the test, but petitioner refused both times; petitioner's refusal was recorded by Sergeant Bailey, and he released her from custody; she then asked if she could take the test, but she didn't want the test or its result used against her in court; he consented, she took the breath-test, and the results of the test were destroyed.

Petitioner's brother testified she called him that night and he told her to consent. He said he went to the police station, and once there, petitioner consented and took the test prior to release. He stated she did not refuse to take the test at any time.

Our standard of review, established in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), requires us to affirm the judgment of the trial court if it is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law.

The evidence on the issue of refusal was contradictory. Sergeant Bailey testified that petitioner repeatedly refused to take the breath-test, consenting only after she was released from custody and on the condition the test would not be used against her. Petitioner's brother stated that she did not refuse, that she did consent, and that she did not condition her consent.

The credibility of the witnesses is a matter for the trial court, and we defer to its findings and conclusions. All issues of fact are deemed to have been found in accordance with the result reached. *Rains v. King*, 695 S.W.2d 523, 524 (Mo.App.1985); *Stenzel v. State Department of Revenue*, 536 S.W.2d 163, 168 (Mo.App.1976); Rule 73.01. As the trier of fact, the court could have believed Sergeant Bailey and found that petitioner refused to take the breath-test.

The fact that petitioner finally did take the test after being released from custody is not significant. She explicitly refused to take the test four times while in custody. She took the test only on the condition that the test not be used against her. Such a conditional consent, after consistently refusing to take the test while in custody, was a refusal in effect. *Spradling v. Deimeke*, 528 S.W.2d 759, 766 (Mo.1975).

The trial court's judgment is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J. concur.