**Keith R. OLIVER, Respondent,**

v.

**Paul McNEILL, Director of Missouri Department of Revenue, Appellant.**

No. 54072.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 20, 1988.

George R. "Buzz" Westfall, Pros. Atty., Joan L. Moriarty, Carrie Costantin, Asst. Pros. Attys., Clayton, for appellant.

Cary Mogerman, St. Louis, for respondent.

CRIST, Judge.

Appellant (director) appeals the trial court's decision in favor of respondent (driver). Driver's driving privileges had been revoked pursuant to § 577.041, RSMo 1986, for refusal to take a breathalyzer examination. Driver petitioned for judicial review of director's order under § 302.311, RSMo 1986, and his license was reinstated by the trial court. We affirm.

Director's sole contention on appeal is that there was insufficient evidence for the trial court to find driver's actions did not constitute a refusal under § 577.041. We review the evidence in the light most favorable to the verdict and must affirm the judgment if it is supported by substantial evidence, is not against the weight of the

evidence and does not erroneously declare or apply the law. *Koch v. McNeill,* 743 S.W.2d 902, 903 (Mo.App.1988).

A review of the record discloses the following: On February 14, 1987, at approximately 2:00 a.m., driver was arrested for driving while intoxicated. Driver was undecided in the beginning about taking the breath-test. He wanted to talk with an attorney or his father. After a telephone conversation with his father, driver agreed to take the test.

Driver was taken to a room where the breathalyzer machine was located. Driver testified he blew into the machine as instructed. One of the officers who was present testified driver placed the tube into his mouth, along with his thumb, and appeared to blow, but no air went into the tube. Driver was warned that unless he gave an adequate sample it would be considered a refusal. Two attempts were made, but the machine failed to register that an adequate sample had been given. At that point, the testing officer determined that driver's failure to cooperate constituted a refusal to take the test. Driver testified that he requested to take the test again, but it was not permitted. The licensed operator who administered the test did not testify.

The evidence left a question of fact as to whether or not driver refused to cooperate and thereby refused to take the test under § 577.041. *See Askins v. James,* 642 S.W. 2d 383, 386 (Mo.App.1982) (refusal is defined as a failure to do what is necessary for the test to be performed). If the court believed the testimony of driver, there was sufficient evidence to find he did not refuse to take the breath-test. The credibility of witnesses is for the trier of fact and we must defer to her findings and conclusions. *Koch,* 743 S.W.2d at 903.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and REINHARD, J., concur.