Roy WHITE, Appellant,

v.

DIRECTOR OF REVENUE, Respondent.

No. 56285.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 20, 1990.

W. Morris Taylor, William K. Meehan, William W. Holland, St. Louis, for appellant.

George R. "Buzz" Westfall, Pros. Atty., Celeste Leritz Endicott, Asst. Pros. Atty., St. Louis, for respondent.

CRIST, Judge.

Driver appeals the trial court's decision in favor of the Director of Revenue. Driver's driving privileges were revoked pursuant to § 577.041, RSMo 1986, for refusing to take a breathalyzer test. We affirm.

Driver's sole point is he did not refuse to submit to a voluntary chemical test. He claims the judgment was against the weight of the evidence. On appeal, we view the evidence in a light most favorable to the verdict and must affirm the judgment if it is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law. *Oliver v. McNeill*, 767 S.W.2d 568, 568-69 (Mo.App.1988).

In a light most favorable to the verdict, the evidence showed driver was involved in a traffic accident and charged with driving while intoxicated and driving on the wrong side of a divided highway. The officer requested driver take a chemical breath test. Driver asked to speak to his lawyer. After speaking with his lawyer, driver agreed to submit to the breathalyzer test. He was told how to give a breath sample. The first time driver was requested to take the test, he held the breath tube approximately 12 to 15 inches away from his mouth and blew a puff of air towards the mouthpiece. On his second "attempt" he did not close his lips around the breath tube. Driver then refused further attempts to take the test.

A refusal to take a chemical test is defined as a "volitional failure to do what is necessary in order that the test can be performed...." *Spralding v. Deimeke*, 528 S.W.2d 759, 766 [13] (Mo.1975). It was

the duty of the trial court to determine if the failure of driver to take the test was due to a refusal or to arbitrary or unreasonable conduct by the police officer. *Id.* The credibility of witnesses was for the trier of fact to evaluate and we must defer to his findings and conclusions. *Oliver*, 767 S.W.2d at 569.

Here, there is substantial evidence driver refused to take the breathalyzer test. Driver was told how to take the test and the consequences if he failed to provide a useable sample. While it may be true driver has asthma, the trial court was not bound to accept driver's unilateral claim he was having an asthma attack at the time of the test. The court obviously believed the police officer's testimony was more credible. There is sufficient evidence to support such a belief.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.