Michael E. WOFFORD,
Plaintiff/Respondent,

v.

DIRECTOR OF REVENUE, State of
Missouri, Defendant/Appellant.

No. 63872.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 28, 1993.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for defendant/appellant.

Michael Foss Merritt, Wyne & Merritt, Creve Coeur, for plaintiff/respondent.

REINHARD, Judge.

The Director of Revenue (Director) appeals the trial court's reversal of her revocation of petitioner's driving privileges for refusing "to take a blood test." We affirm.

On December 21, 1992, petitioner was arrested for driving while intoxicated by Officer Christopher Meyer of the Creve Coeur Police Department. While at the Creve Coeur Police Station, petitioner fell and sustained a cut to his face. He was then transported to a hospital for treatment.

At the hospital, Officer Meyer read petitioner his Missouri Implied Consent rights and requested he submit to a blood test. Petitioner laid out his arm for the purpose of having a hospital lab technician draw his blood. At that point, a hospital security guard intervened, indicating petitioner would have to sign a hospital consent form prior to having blood drawn. Three times petitioner extended his arm to the lab technician, but each time he refused to sign the consent form.

Officer Meyer testified that the security guard informed him that the hospital required the consent form be signed before blood would be drawn. He further testified that he learned after he left the hospital that blood had subsequently been drawn from petitioner.

The Director subsequently revoked petitioner's driving privileges. Petitioner filed this petition for review in the circuit court. After hearing the evidence, the trial court found that petitioner had not refused to submit to a blood test, but had only refused to sign a consent form. The court ordered his driving privileges reinstated.

The Director's sole point on appeal is that the trial court erred in setting aside petitioner's revocation because he failed to "do what was necessary for completion of the test." We review the evidence in the light most favorable to the judgment and must affirm the judgment if it is supported by substantial evidence, is not against the weight of the evidence and does not erroneously declare or apply the law. *Oliver v. McNeill,* 767 S.W.2d 568, 568–9 (Mo.App. 1988). We defer to the trial court's resolution of credibility. *Heigart v. Londell Manor, Inc.,* 834 S.W.2d 858, 863 (Mo.App.E.D. 1992).

Our supreme court has defined a "refusal" as a volitional failure to do what is necessary in order that the chemical test can be performed. *Spradling v. Deimeke,* 528 S.W.2d 759, 766 (Mo.1975). Section 577.029, RSMo 1986, states that:

> ... a trained medical technician at the place of his employment, acting at the request and direction of [a] law enforcement officer, *shall* withdraw blood for the purpose of determining the alcohol content of the blood. (Emphasis added).

Section 577.031, RSMo 1986, further provides:

> No person who administers any test pursuant to the provisions of sections 577.020 to 577.041 upon the request of a law enforcement officer, no hospital in or with which such person is employed or is otherwise associated or in which such test is administered, and no other person, firm, or corporation by whom or with which such person is employed or is in any way associated, shall be civilly liable in damages to the person tested unless for gross negligence or by willful or wanton act or omission.

Thus, the evidence here left a question of fact as to whether or not petitioner refused to take the test under § 577.041. *See Oliver,* 767 S.W.2d at 569.

The consent form was not introduced into evidence and we do not know its contents. There is no evidence that petitioner was informed of its contents. He was inaccurately informed that the test could not be taken unless he signed the form. The trial court could have reasonably found that the presenting of petitioner's arm to the lab technician for the purpose of drawing blood is all that was necessary on petitioner's part to have the blood drawn. Thus, under the above facts and principles of law the order is supported by substantial evidence.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.