**Aaron Michael ORR, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. WD 59109.**

Missouri Court of Appeals,
Western District.

Aug. 28, 2001.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Kip A. Stetzler, Asst. Atty. Gen., Kansas City, for Appellant.

Karl Madden, Jr., Moberly, for Respondent.

SPINDEN, Chief Judge.

The Director of Revenue appeals the circuit court's judgment reinstating Aaron Michael Orr's driving license. The director revoked Orr's driving license after he was arrested for driving while intoxicated on the ground that he refused to take a chemical breath test. The circuit court reinstated Orr's license because the director did not establish that the breathalyzer machine was "checked by a Type II permit holder within 35 days." We reverse and remand.

In his sole point on appeal, the director contends that, in a case involving a refusal to submit to a chemical breath test, he is not required to prove that the breathalyzer machine had been subject to a maintenance check within 35 days. We agree.

To revoke a driving license on the ground that a driver has refused to submit to a chemical test, the director must establish that: (1) a qualified law enforcement officer arrested or stopped the driver, (2) with reasonable grounds to believe that the driver was driving while intoxicated, and (3) the driver refused to submit to a chemical test. Section 577.041.4, RSMo 2000; *Zimmerman v. Director of Revenue*, 988 S.W.2d 583, 585 (Mo.App.1999). If the director fails to establish one of these requirements, the driver's driving privileges must be reinstated. Section 577.041.5, RSMo 2000; *Zimmerman*, 988 S.W.2d at 585.

The issue in this case is whether the evidence established the third element—whether Orr refused to submit to the test. The circuit court determined that Orr did not refuse to submit to a breath test because no evidence existed that the breathalyzer machine used by Orr had undergone a maintenance check within 35 days.

In *Turpin v. King*, 693 S.W.2d 895 (Mo.App.1985), this court's Southern District faced a similar situation. The driver in *Turpin* argued that the director's revocation of his license for refusing a chemical test could not be sustained because the director presented "no evidence that the means for administering such a test were reasonably available for such purpose at the time and place of [his] arrest ... and ... that a properly qualified and licensed technician was reasonably available to administer the test." *Id.* at 896. The *Turpin* court held, "The findings required under § 577.041.[4] do not require such evidence." *Id.* at 897.

The same is true in this case. Proof that the breathalyzer machine has been properly maintained is not one of the three elements that the director must prove under § 577.041.4. Once a driver refuses to submit to a breath test, the maintenance of the breathalyzer becomes immaterial. Only when a breathalyzer test is offered to establish blood alcohol content is the director obligated to prove foundational prerequisites, such as proper maintenance of the breathalyzer machine. *Tidwell v. Director of Revenue*, 931 S.W.2d 488, 490 (Mo.App.1996).

Accordingly, § 577.041.4 governs, and the matter of whether or not the equipment was properly maintained is irrelevant. We, therefore, reverse the circuit court's judgment setting aside the director's revocation of Orr's driving license. We remand for the circuit court to determine whether Orr's actions constituted a refusal to submit to a chemical test.

VICTOR C. HOWARD, Judge, and LISA WHITE HARDWICK, Judge, concur.