**Jerry D. ALLEN, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. WD 59379.**

Missouri Court of Appeals,
Western District.

Nov. 13, 2001.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Linda K. Manlove, Asst. Atty. Gen., Kansas City, for Appellant.

Allan D. Seidel, Trenton, for Respondent.

PAUL M. SPINDEN, Chief Judge.

Department of Revenue's director appeals the circuit court's judgment reinstating Jerry D. Allen's driving privileges. The director revoked Allen's driving license pursuant to § 577.041 [1] because Allen refused to submit to a breath test after being arrested for driving while intoxicated. Because the director acted beyond the scope of his authority as set by § 577.041, we affirm the circuit court's judgment setting aside the director's revocation of Allen's driving license.

The evidence established that the arresting officer submitted an unsigned and unsworn alcohol influence report to the director asserting that he had reasonable grounds to believe that Allen was driving a motor vehicle while in an intoxicated condition and that Allen refused to submit to a breath test.[2] Based on the officer's un-

---

1. All statutory citations refer to the 2000 Revised Statutes.

2. The original exhibit could not be located for this appeal, but the parties submitted a copy

sworn report, the director of revenue revoked Allen's driving privileges. Allen filed a petition for review in circuit court. Judicial review of these matters is *de novo.*

At trial, the director's only evidence was the director's records, which consisted of the officer's unsworn alcohol influence report.[3] The circuit court ruled that the director's evidence did not establish that the officer had reasonable grounds to believe that Allen was driving the vehicle while in an intoxicated condition, so it set aside the director's revocation and reinstated Allen's driving license.

The General Assembly mandated in § 577.041.2 that, in cases involving a driver's refusal to submit to a chemical test, an arresting officer must "make a sworn report to the director of revenue," stating among other things that the officer has "[r]easonable grounds to believe that the arrested person was driving a motor vehicle while in an intoxicated or drugged condition" and "[t]hat the person refused to submit to a chemical test[.]" Section 577.041.3 says, "Upon receipt of the officer's report, the director shall revoke the license of the person refusing to take the test for a period of one year[.]"

■■■ As an administrative agency, the Department of Revenue has only those

powers expressly conferred or necessarily implied by Missouri's constitution or by statute. *Bodenhausen v. Missouri Board of Registration for the Healing Arts,* 900 S.W.2d 621, 622 (Mo. banc 1995). Because administrative law is a matter solely of constitutional or statutory creation, the courts must follow the procedures provided by these laws. *Sterneker v. Director of Revenue,* 3 S.W.3d 808, 810–11 (Mo.App. 1999) (quoting *Wates v. Carnes,* 521 S.W.2d 389, 390 (Mo.1975),[4] and *Spitcaufsky v. Hatten,* 353 Mo. 94, 182 S.W.2d 86, 95 (1944)[5]). *See also Jennings v. Director of Revenue,* 992 S.W.2d 249, 252 (Mo.App. 1999).

Section 577.041.2 specifically requires that the arresting officer "make a sworn report to the director of revenue[.]" The director's receiving this sworn report is what activates the director's authority to revoke a driving license. He has no power to act before then. By requiring a sworn report, the General Assembly affords some measure of reliability and protection to a licensee, and the director's ignoring this mandate thwarts this protection. The sworn report, therefore, is essential to the validity of the director's subsequent actions. If the director does not receive a sworn report, his subsequent actions are void.

---

of the records to this court and stipulated that "the Alcohol Influence Report, including narrative, reflected in the index to the Trial Record, page i, was an exhibit admitted into evidence and relied upon by the trial court in rendering its judgment."

3. Allen did not object to the director's introduction of the alcohol influence report into evidence on the ground that the report was not sworn to by the arresting officer. Instead, he objected on the ground that he had not received notice that the director intended to introduce the report as an official record. The circuit court overruled the objection.

4. "Wates involved collection of taxes, which, like [revocation] of a driving license, is a

matter of administrative law. *Costello v. City of St. Louis,* 262 S.W.2d 591, 596 (Mo.1953) ('the proceedings preliminary to and the sale of property by the Collector for delinquent taxes is administrative in character')[.]" *Sterneker,* 3 S.W.3d at 811 n. 6.

5. Overruled on other grounds by *Dir. of Dep't of Revenue, Jackson County v. Parcels of Land Encumb. with Delinq. Tax Liens,* 555 S.W.2d 293 (Mo. banc 1977) (considering whether making tax bills *prima facie* evidence of delinquency was *res judicata* in subsequent proceeding to set aside judgment for mistake of fact).

Some courts have held that proof that a sworn report was made and sent to the director of revenue is not essential for the circuit court's determination of the issues set forth in § 577.041.4. *Rains v. King,* 695 S.W.2d 523, 525 (Mo.App.1985); *Turpin v. King,* 693 S.W.2d 895, 896 (Mo.App.1985); and *Stenzel v. Department of Revenue,* 536 S.W.2d 163, 169 (Mo.App.1976). Indeed, § 577.041.4 says that, if persons whose licenses have been revoked because of their refusal to submit to a chemical test petition the circuit court for a hearing, the circuit court "shall determine *only:*[6] (1)[w]hether or not the person was arrested or stopped; (2)[w]hether or not the officer had: (a) reasonable grounds to believe that the person was driving a vehicle while in an intoxicated condition; ... and (3)[w]hether or not the person refused to submit to the test."

None of these cases, however, focused on the director's authority to act without a sworn statement. In *Stenzel,* the arresting officer signed and swore to a report and submitted it to the director, but the sworn report was not introduced into evidence. 536 S.W.2d at 169. In *Turpin,* the court did not report whether the arresting officer submitted a sworn report to the director. It focused entirely on the proceedings before the circuit court. The *Turpin* court concluded, "There was no necessity for evidence of such a report. Proof that the report was made is not essential for the trial judge to determine the matters stated in § 577.041[.]" 693 S.W.2d at 896.

Finally, in *Rains,* the appellant contended that no affidavit describing her refusal was ever submitted to the director and that the evidence did not establish that the report sent to the director was sworn to by the officer. 695 S.W.2d at 525. The court concluded that the appellant's contention was directly contrary to the appellant's petition. *Id.* The court noted that the appellant stated in her petition that the " 'officer did submit an affidavit to the Department of Revenue alleging that Plaintiff had refused to take and submit to a chemical test for her breath[.]' " *Id.* Relying on *Stenzel* and *Turpin,* the *Rains* court added, "Proof that the 'sworn report' was sent to the Director of Revenue is not essential for the trial judge to determine the matters stated in § 577.041[.]" *Id.*

In all of these cases, the courts focused on the limited statutory review provided to the circuit court under § 577.041.4. These cases did not address whether the director exceeded his authority. Indeed, in *Stenzel* and *Rains,* the court found that sworn reports were in fact submitted to the director, so it was unnecessary for the court to take the next step to determine whether the director exceeded his authority. Although § 577.041.4 provides circuit courts with limited statutory review, the courts should not be powerless to act where the director ignores statutory requirements. "The jurisdiction of the circuit court to hear [a case] de novo includes the authority to construe the statutes and determine if the action of the Director was authorized." *Bass v. Director of Revenue,* 793 S.W.2d 923, 926 (Mo.App.1990).

In this case, the director never received a sworn report from the officer. The officer did not sign the report or have it notarized by a notary public. The director, therefore, did not have the authority to revoke Allen's license. Because the director could not revoke Allen's license, the director's subsequent actions were void. Moreover, we note that in this case the need for a sworn report is made even

---

**6.** We added the emphasis.

that much more evident because the only evidence presented by the director was the officer's unsworn and unsigned report.[7] The arresting officer did not testify at trial like the officers did in *Stenzel, Turpin* and *Rains*.

By revoking Allen's license without a sworn report from the officer, the director exceeded the powers expressly conferred on him by § 577.041. We, therefore, affirm the circuit court's judgment setting aside the director's revocation of Allen's driving license.[8]

JAMES M. SMART, JR., Judge, and LISA WHITE HARDWICK, Judge, concur.

---

7. Section 302.312.1, RSMo 2000, says, "Copies of all papers, documents, and records lawfully deposited or filed in the offices of the department of revenue or the bureau of vital records of the department of health and copies of any records, properly certified by the appropriate custodian or the director, shall be admissible as evidence in all courts of this state and in all administrative proceedings."

8. Because we reach this conclusion, we need not address the Director's contentions on appeal.