**Mark A. CESSOR, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. WD 59908.**

Missouri Court of Appeals,
Western District.

March 26, 2002.

218

Jeremiah W. (Jay) Nixon, Atty. Gen., Da-Niel Cunningham, Michael S. Kilgore, Asst. Attys. Gen., Jefferson City, for Appellant.

Jeffrey S. Eastman, Gladstone, for Respondent.

Before SPINDEN, C.J., and EDWIN H. SMITH and NEWTON, JJ.

EDWIN H. SMITH, Judge.

The Director of Revenue (Director) appeals the judgment of the Circuit Court of Platte County dismissing the driver's license revocation proceeding of the Director against the respondent, Mark A. Cessor, and ordering the reinstatement of his license. The respondent's license was revoked by the Director for a period of one

year, pursuant to § 577.041.3,[1] for his refusal to submit to a chemical test of his blood-alcohol content (BAC), as authorized by § 577.020, after being arrested on suspicion of driving while intoxicated (DWI).

In his sole point on appeal, the Director claims that the trial court erred in reinstating the respondent's driver's license for his BAC test refusal because the court erroneously declared and applied the law in finding that the Director lacked jurisdiction to do so on the ground that the arresting officer's report, required by § 577.041.2 to be filed with the Director after a refusal, was not "sworn," as provided in that section.

We reverse and remand.

### Facts

During the early morning hours of December 10, 2000, the respondent was arrested in Platte County, Missouri, by Trooper David Brenton of the Missouri State Highway Patrol on suspicion of DWI and was transported to the Riverside Police Department. At the police station, the trooper advised the respondent of Missouri's Implied Consent Law. When asked if he would submit to a Breathalyzer test, the respondent refused. The trooper recorded the refusal, and the respondent was given notice from the Missouri Department of Revenue (DOR) that his privilege to operate a motor vehicle would be revoked for a period of one year, pursuant to § 577.041, for failing to submit to a chemical test of his BAC.

On December 21, 2000, the respondent filed a petition for a review hearing in the Circuit Court of Platte County alleging, *inter alia,* that the proper procedure for advising the Director of his alleged refusal was not followed, depriving the Director of jurisdiction to revoke his license. The Di-

rector filed an answer to the petition on January 22, 2001. A revocation review hearing was docketed for March 8, 2001. Before evidence could be heard on the petition, the respondent made an oral motion "to dismiss the Director's action in this case," alleging that Trooper Brenton had failed to file with the Director a "sworn report," as is required by § 577.041.2, the receipt of which by the Director was mandatory to revoke under § 577.041.3. Limiting and hearing evidence only with respect to the motion to dismiss the revocation action of the Director for a lack of jurisdiction, the trial court sustained the motion and ordered the reinstatement of the respondent's driver's license based on its finding that the Director had not received a sworn AIR as required by § 577.041.3 to revoke.

This appeal follows.

### Standard of Review

■ Our review here is the same as in any other judge-tried case and is governed by *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). *Staton v. Dir. of Revenue, State of Missouri,* 14 S.W.3d 282, 284 (Mo. App.2000). As such, we shall affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.*

### I.

In his sole point on appeal, the Director claims that the trial court erred in reinstating the respondent's driver's license for his BAC test refusal because the court misapplied the law in finding that the Director lacked jurisdiction to do so on the ground that the arresting officer's report, required by § 577.041.2 to be filed with the

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

Director after a refusal, was not "sworn," as provided in that section. We agree.

Section 577.041.2 provides, in pertinent part:

The officer shall make a sworn report to the director of revenue, which shall include the following:

(1) That the officer has:

(a) Reasonable grounds to believe that the arrested person was driving a motor vehicle while in an intoxicated or drugged condition; or

(b) Reasonable grounds to believe that the person stopped, being under the age of twenty-one years, was driving a motor vehicle with a blood alcohol content of two-hundredths of one percent or more by weight; or

(c) Reasonable grounds to believe that the person stopped, being under the age of twenty-one years, was committing a violation of the traffic laws of the state, or political subdivision of the state, and such officer has reasonable grounds to believe, after making such stop, that the person had a blood alcohol content of two-hundredths of one percent or greater;

(2) That the person refused to submit to a chemical test[.]

Section 577.041.3 provides, in pertinent part, that "[u]pon receipt of the officer's report, the director shall revoke the license of the person refusing to take the test for a period of one year." This provision of the statute has been interpreted such that the receipt of the sworn report by the Director is a jurisdictional prerequisite to the revocation of the driver's license. *Allen v. Dir. of Revenue*, 59 S.W.3d 636, 637 (Mo.App.2001).

■ If a person, who has had his or her license revoked under § 577.041, wishes to contest the revocation, § 577.041.4 provides that he or she may file a petition for judicial review in the circuit court in the county in which the arrest or stop occurred. § 577.041.4; *State ex rel. Dir. of Revenue, State of Missouri v. Gaertner*, 32 S.W.3d 564, 567 (Mo. *banc* 2000). At a revocation review hearing, the trial court is only to determine:

(1) Whether or not the person was arrested or stopped;

(2) Whether or not the officer had:

(a) Reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated or drugged condition; or

(b) Reasonable grounds to believe that the person stopped, being under the age of twenty-one years, was driving a motor vehicle with a blood alcohol content of two-hundredths of one percent or more by weight; or

(c) Reasonable grounds to believe that the person stopped, being under the age of twenty-one years, was committing a violation of the traffic laws of the state, or political subdivision of the state, and such officer had reasonable grounds to believe, after making such stop, that the person had a blood alcohol content of two-hundredths of one percent or greater; and

(3) Whether or not the person refused to submit to the test.

Section 577.041.4. The Director bears the burden of proof in a revocation review hearing. *Hughson v. Dir. of Revenue*, 52 S.W.3d 586, 590 (Mo.App.2001).

On December 21, 2000, the respondent filed a petition in the Circuit Court of Platte County requesting a revocation review hearing pursuant to § 577.041.4. The motion was set for hearing on March 8, 2001. Prior to any evidence being presented, the respondent made an oral motion "to dismiss the Director's action in this case," alleging that the Director

lacked jurisdiction to revoke his license because a "sworn report" was never made to the Director, as required by § 577.041.2. In response to the motion, the trial court stated on the record that it was "going to take [it] with the case." This would suggest that the court, prior to ruling on the respondent's motion, was going to hear evidence on his § 577.041.4 petition, then rule on the motion prior to ruling on the petition. If the motion were sustained, then the review provided by § 577.041.4 would be rendered moot, requiring the dismissal of the respondent's petition and the reinstatement of his license, in that in sustaining the motion, the court would necessarily have to find that the Director lacked jurisdiction to revoke the respondent's license pursuant to § 577.041. If, however, the motion were overruled, then the court would proceed to determine whether the Director had met his burden of proof as set forth in § 577.041.4, requiring the affirmance of the Director's revocation of the respondent's license. However, the record reflects that rather than proceeding on the respondent's petition for review and taking the motion with the case, the trial court proceeded to hear the motion to dismiss alone. In that regard, the record reflects:

THE COURT: I want you to limit your inquiry, Mr. Michaelsen, and I want to allow Mr. Eastman to inquire as well, to the issue of the administrative paperwork in this case before you get into the substance. All right?

MR. MICHAELSEN: Your Honor, should I inquire regarding the background for the—the report for the record, or just—

THE COURT: No. I want to know about the—the document that Mr. Eastman has a question about because I want him to be under oath, and I want you all to inquire concerning that one issue. Then I'll decide Mr. Eastman's

motion and if he prevails we're done. And if he doesn't prevail, then I'll let you go into the other background information. Okay?

MR. MICHAELSEN: Understood. Thank you, Your Honor.

In accordance with the trial court's directive, the Director proceeded to introduce evidence to establish that the sworn report required to be filed by the arresting officer to revoke had been received by the Director, invoking his jurisdiction to revoke the respondent's driver's license under § 577.041.3. The Director's evidence consisted solely of Trooper Brenton's testimony.

Trooper Brenton testified on direct that he had signed, in the presence of a notary, Exhibit A, dated December 10, 2000, the AIR he was required to complete concerning the respondent's arrest for DWI, "one to two days after the incident." He further testified, however, that the date reflected on the AIR for the notary's signature was November 12, 2000, which would have not only been prior to the date of the report, but the respondent's arrest. He then testified that the report was sent to troop headquarters to be forwarded to the Director, but was subsequently returned to him by the Director. Upon receipt of the report, he took it to the notary who had signed it for her to correct the date of her signature, which she did. He then sent it back to troop headquarters for it to be forwarded to the Director. Under cross-examination by respondent's counsel, the trooper admitted that although he had signed the report in the presence of the notary, he never actually received an oath from her.

After hearing evidence, the trial court sustained the respondent's motion to dismiss and ordered his license reinstated, finding that there was no evidence that the

Director ever received a sworn report in proper form from the trooper sufficient to invoke the Director's jurisdiction to revoke the respondent's license under § 577.041.3. In so finding, the trial court relied on the fact that when the report was first received by the Director it was returned to the trooper as being "incomplete" due to the discrepancy between the date of the report and the date of the notary's signature, and the fact that there was nothing in the record to indicate that the corrected report was ever received by the Director.[2] The trial court's ruling misconstrues the law.

■ There is no dispute that the Director received the AIR prepared and filed by Trooper Brenton, which bore the incorrect notary signature date. That report, dated December 12, 2000, contained the following attestation paragraph:

I HEREBY SWEAR UPON MY OATH AND DO STATE AS FOLLOWS:

At all times mentioned herein I was employed as a member of the below stated Police Agency, and I am certified, or exempt from certification pursuant to Section 590.115 by the Director of Public Safety as having completed a program of mandatory standards for the training of peace officers in this State pursuant to Missouri Revised Statutes, Sections 590.100 through 590.180, and I arrested the above named person for a violation of a county or city ordinance prohibiting driving while intoxicated or an alcohol related traffic offense or Missouri Revised Statutes, Section 577.010 or 577.012, or conducted a .020% through .099% blood alcohol content related stop, and that the information contained herein is true and correct to the best of my knowledge;

followed by Trooper Brenton's signature and the notarization bearing the signature of the notary, dated November 12, 2000. There is no dispute that Trooper Brenton, on his oath as contained in the report, signed the report in the presence of the notary. With respect to the jurisdictional issue presented, there is a dispute, however, as to whether the discrepancy in the date of the report and the date of the notarization rendered invalid the AIR such that its receipt by the Director was not sufficient to satisfy the jurisdictional prerequisite of § 577.041.3, the receipt of the sworn report prescribed in § 577.041.2.

In *Stenzel v. State, Department of Revenue*, 536 S.W.2d 163 (Mo.App.1976), the Eastern District of this court was faced, *inter alia*, with the issue of whether the sworn report requirement of § 564.444.1,[3]

2. The Director sought a continuance of the hearing to produce records indicating that the corrected AIR had been received by the Director, which was denied.

3. Section 564.444.1, RSMo 1969, provided:

If a person under arrest refuses upon the request of the arresting officer to submit to a chemical test, which request shall include the reasons of the officer for requesting the person to submit to a test and which also shall inform the person that his license may be revoked upon his refusal to take the test, then none shall be given. In this event, the arresting officer, if he so believes, shall make a sworn report to the director of revenue that he has reasonable grounds to believe that the arrested person was driving a motor vehicle upon the public highways of this state while in an intoxicated condition and that, on his request, refused to submit to the test. Upon receipt of the officer's report, the director shall revoke the license of the person refusing to take the test for a period of not more than one year; or if the person arrested be a non-resident, his operating permit or privilege shall be revoked for not more than one year; or if the person is a resident without a license or permit to operate a motor vehicle in this state, an order shall be issued denying the person the issuance of a license or permit for a period of not more than one year.

the predecessor to § 577.041.2, was satisfied where the AIR received by the Director was notarized two days after the report was signed by the arresting officer. *Id.* at 169. The court held that this fact was of no significance and that the report was sufficient to satisfy the sworn report requirement of § 564.444.1 in that it was undisputed that the report was signed and sworn to by the arresting officer. *Id.* Likewise, in our case, it is undisputed that the AIR received by the Director was signed by the arresting officer under oath and notarized. As Judge Spinden noted in *Allen,* "By requiring a sworn report, the General Assembly affords some measure of reliability and protection to a licensee." 59 S.W.3d at 637. Inasmuch as the "rationale for notarization is to avoid the risk that the signature [attested to] will not be authentic," *Herrero v. Cummins Mid–Am., Inc.,* 930 S.W.2d 18, 22 (Mo.App. 1996), the discrepancy between the actual date of the notarization and the date of the notary's signature indicated on the report, given the circumstances in our case, in no way lessened that reliability and protection. To hold otherwise would be to elevate form over substance.

In addition to the issue concerning the date of the notarization, the respondent argues on appeal an additional ground, not raised below, that the AIR received by the Director was not a sworn report as required by § 577.041.3. On appeal, the respondent contends for the first time that the report was not a sworn report because the trooper admitted at the hearing that he was never administered an oath by the notary. His contention is without merit.

The term "sworn" as used in § 577.041.2 is not statutorily defined. In the absence of a statutory definition or a judicial interpretation of a statutory term, we are free to give it its plain and ordinary meaning using the dictionary definition to guide us. *Hemeyer v. KRCG–TV,* 6 S.W.3d 880, 881 (Mo. *banc* 1999). The term "swear," from which "sworn" is derived, is defined in BLACK's LAW DICTIONARY 1461 (7th Ed.1999) as "to take an oath." An "oath" is defined therein as "a solemn declaration ... that one's statement is true or that one will be bound to a promise." BLACK's LAW DICTIONARY 1099 (7th Ed.1999). Applying those definitions here, it is undisputed from the record that Trooper Brenton signed the AIR received by the Director under an oath swearing that the information contained therein was true and correct to the best of his knowledge. Thus, there can be no dispute that the report was made under oath as attested to by Trooper Brenton's signature, which in return was authenticated by the notary such that it provided the reliability and protection to the licensee envisioned by the legislature in mandating that the AIR be sworn. Requiring the notary to read the oath to the arresting officer, as the respondent would have us do, simply would be to elevate form over substance.

For the reasons stated, we find that the AIR received by the Director qualified as a sworn report under § 577.041.2, sufficient under § 577.041.3 to invoke the jurisdiction of the Director to revoke the respondent's driver's license, such that the trial court erroneously declared and applied the law in "dismissing" the Director's revocation proceeding instituted against the respondent for a lack of jurisdiction and reinstating his license, requiring us to reverse. And, inasmuch as the respondent's § 577.041.4 revocation review petition was never heard, we are required to remand to allow the respondent the opportunity to pursue his review.

### Conclusion

The trial court's judgment dismissing the Director's § 577.041.4 revocation ac-

tion against the respondent and reinstating the respondent's driver's license is reversed and the cause remanded for further proceedings in accordance with this opinion.

SPINDEN, C.J., and NEWTON, J., concur.