

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI,               )
                                 )
    Plaintiff-Appellant,     )
                                 )
vs.                              )     No. SD37599
                                 )
KRISTINA PROCTOR,                )     **Filed:  November 30, 2023**
                                 )
    Defendant-Respondent.    )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

The Honorable Mark A. Powell, Judge

**<u>REVERSED AND REMANDED</u>**

Kristina Proctor was charged by misdemeanor information with driving while intoxicated as a prior offender.  The State of Missouri now raises this interlocutory appeal pursuant to section 547.200, appealing the trial court's order granting Ms. Proctor's motion to suppress evidence.[1]  The State contends the trial court erred in suppressing the breath test result because it was not necessary to read Ms. Proctor her *Miranda*[2] rights before reading her Missouri's Implied Consent Statements in that the reading of the latter

---

[1] All statutory citations are to RSMo Cum. Supp. 2022, unless otherwise indicated.

[2] ***Miranda v. Arizona***, 384 U.S. 436 (1966).

does not constitute a guilt-seeking interrogation. We agree and reverse the trial court's suppression order.

### Factual Background and Procedural History

On October 23, 2020, Deputy Joseph Duran of the Greene County Sheriff's Office was traveling on U.S. Highway 160 in Greene County, Missouri. Just before 1:00 a.m., he saw a gray minivan swerving within its lane and correcting itself after veering off the roadway onto the shoulder. Deputy Duran waited for the minivan to turn off Highway 160 and onto Farm Road 94 before he initiated a traffic stop.

Deputy Duran made contact with Ms. Proctor, the driver of the minivan, and noticed her eyes were bloodshot and glassy. He observed two minor children in the back seat and a male in the passenger seat. He could also smell a strong odor of intoxicants coming from inside the minivan. Deputy Duran asked Ms. Proctor to exit the vehicle to determine if the smell was coming from her or the passenger, who appeared to be "extremely intoxicated[.]" When Ms. Proctor exited the vehicle, Deputy Duran determined the odor of intoxicants was not coming from Ms. Proctor. Ms. Proctor denied that she had drunk any alcohol and refused a preliminary breath test. Deputy Duran then asked Ms. Proctor to undergo three field sobriety tests. Ms. Proctor's performance indicated she was impaired, and Deputy Duran arrested her for driving while intoxicated and transported her to the Greene County Jail.

After arriving at the Greene County Jail, Deputy Duran read Ms. Proctor Missouri's Implied Consent Statements from Missouri's Alcohol Influence Report form at 1:30 a.m. He told Ms. Proctor she was under arrest, that he was asking her to take a chemical test of her breath to determine the alcohol or drug content of her blood, that her

2

license would be revoked if she refused the test, and that evidence of her refusal to take the test could be used against her. He then read Ms. Proctor Greene County's No-Refusal Warning, which informed her that if she refused the breath test he would apply for a search warrant to obtain a sample of her blood, and then he asked her, "Having been informed of the reasons for requesting the test, will you take the test?" After she answered that she would take the test, and 12 minutes after reading her the Implied Consent Statements, Deputy Duran read Ms. Proctor her *Miranda* rights at 1:42 a.m., and Ms. Proctor then performed the chemical breath test. Deputy Duran asked Ms. Proctor no questions in between reading the Implied Consent Statements and *Miranda* rights other than asking whether she would consent to breath-based alcohol testing.

The State charged Ms. Proctor with one count of driving while intoxicated in violation of section 577.010. Ms. Proctor filed a motion to suppress statements to exclude all of her statements, as well as a motion to suppress physical evidence which specifically targeted the result of her breath test. After a hearing on the motions to suppress, the trial court granted Ms. Proctor's motion to suppress physical evidence and suppressed Ms. Proctor's breath test result. The docket entry read:

> AFTER CONSIDERATION OF THE EVIDENCE PRESENTED AND THE ARGUMENTS OF COUNSEL, DFTS MOTION TO SUPPRESS STATEMENTS AND TO SUPPRESS PHYSICAL EVIDENCE IS SUSTAINED IN PART AND DENIED IN PART. THE EVIDENCE WAS CLEAR THE DFT WAS ARRESTED, NOT GIVEN HER MIRANDA WARNINGS, YET READ MISSOURI'S IMPLIED CONSENT LAW AND ASKED WHETHER SHE WOULD TAKE THE BREATH TEST. ONLY AFTER THIS, WAS DFT READ HER MIRANDA WARNINGS. THEREFORE, THE BREATH TEST RESULT IS SUPPRESSED. DFT'S MOTION TO SUPPRESS IS OTHERWISE OVERRULED.

The State then filed a notice of interlocutory appeal of the trial court's order.

3

**Standard of Review**

This Court "will reverse a trial court's ruling on a motion to suppress only if it is clearly erroneous." *State v. Creutz*, 657 S.W.3d 303, 310 (Mo. App. S.D. 2022) (quoting *State v. Holman*, 502 S.W.3d 621, 624 (Mo. banc 2016)). Clear error requires us to be "left with a definite and firm belief a mistake has been made." *Holman*, 502 S.W.3d at 624 (quoting *State v. Bell*, 488 S.W.3d 228, 238 (Mo. App. E.D. 2016)). "The State has the burden at a suppression hearing to show by a preponderance of evidence that a motion to suppress should be denied and the evidence should be admitted." *State v. Wright*, 585 S.W.3d 360, 367 (Mo. App. W.D. 2019) (internal quotations and citation omitted). An order suppressing evidence requires substantial evidence in support, and we construe the trial court's findings of fact, including reasonable inferences, favorably in support of the order. *State v. Johnson*, 354 S.W.3d 627, 631-32 (Mo. banc 2011). "The question of whether a criminal defendant's constitutional rights were violated is a question of law reviewed *de novo*." *State v. Gates*, 635 S.W.3d 854, 857 (Mo. banc 2021).

**Analysis**

In its sole point on appeal, the State argues the trial court erred "in sustaining [Ms. Proctor's] motion to suppress because it is not necessary to read *Miranda* rights before Missouri's Implied Consent [S]tatements, in that the reading of Missouri's Implied Consent [S]tatements does not constitute a guilt-seeking interrogation." We agree that the trial court clearly erred when it suppressed Ms. Proctor's breath test result.

The Fifth and Fourteenth Amendments of the United States Constitution, as well as Article 1, Section 19 of the Missouri Constitution, protect the rights of accused in

4

criminal cases and guarantee a person's right against self-incrimination. Under *Miranda*, arresting officers must warn criminal defendants of their right against self-incrimination when subjected to a custodial investigation. 384 U.S. at 444; *State v. Lammers*, 479 S.W.3d 624, 631 (Mo. banc 2016). "Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." *Miranda*, 384 U.S. at 444. "In Missouri, 'custodial interrogation' is defined as questioning initiated by law enforcement officers after a person has been taken into custody[.]" *State v. Gaw*, 285 S.W.3d 318, 321 (Mo. banc 2009) (quoting *State v. Glass*, 136 S.W.3d 496, 511 (Mo. banc 2004)). "A custodial interrogation occurs only when the suspect is formally arrested or is subjected to arrest-like restraints." *Lammers*, 479 S.W.3d at 631-32. If law enforcement fails to issue *Miranda* warnings, any incriminating statements made during a custodial interrogation are inadmissible at trial. *Holman*, 502 S.W.3d at 625; *State v. Steele*, 454 S.W.3d 400, 404 (Mo. App. E.D. 2015). However, *Miranda* does not apply, and warnings against self-incrimination are not required, where the State wishes to submit evidence from the accused that is not testimonial or communicative. *See State v. Schroeder*, 330 S.W.3d 468, 474 n.5 (Mo. banc 2011) ("*Miranda* warnings are not required before administering field dexterity tests. The results of the tests are not testimonial or communicative; rather, they exhibit the degree of a person's physical coordination.").

The Western District of this Court in *State v. Vandervort*, a case factually similar to this case, addressed the same issue before us, and we find the court's analysis and holding controlling here. 663 S.W.3d 520 (Mo. App. W.D. 2023). In *Vandervort*, an

5

officer read Ms. Vandervort Missouri's Implied Consent Statements from Missouri's Alcohol Influence Report form at the police station after she was arrested. *Id.* at 522-23. After Ms. Vandervort refused to take a breath test, the officer read her *Miranda* rights. *Id.* at 523. The trial court suppressed Ms. Vandervort's "no" statement given in response to the officer's request to submit to a breath test made pre-*Miranda*. *Id.* The ***Vandervort*** court reversed the trial court's suppression order, holding "a refusal to submit to a blood-alcohol test in Missouri is not an act coerced by law enforcement and, therefore, is not protected by the privilege against self-incrimination." *Id.* at 525. It also clarified, "given the independent purposes and requirements of ***Miranda*** and the implied consent law, there is no particular order in which the warnings must be provided when drivers are arrested for an alcohol-related offense." *Id.* at 526.

In reaching its decision, the ***Vandervort*** court was guided by the United States Supreme Court's opinion in ***South Dakota v. Neville***, which held "a refusal to take a blood-alcohol test, after a police officer has lawfully requested it, is not an act coerced by the officer, and thus is not protected by the privilege against self-incrimination." 459 U.S. 553, 564 (1983). ***Neville*** addressed South Dakota's implied consent law and concluded the law did not compel the driver to refuse the test because the driver had the option to submit or refuse. *Id.* at 562.

Missouri's Implied Consent law, like South Dakota's law, deems all persons operating a vehicle on Missouri roadways to have consented to chemical or breath testing to determine the alcohol or drug content of their blood, but drivers may still refuse to test. Sections 577.020.1 and 577.041; *see also **Vandervort***, 663 S.W.3d at 525 ("Missouri's implied consent law is virtually indistinguishable from the South Dakota law[.]"); S.D.

6

Codified Laws Sections 32-23-10 (2006) and 32-23-10.1 (1998). Following *Neville*, and because drivers may choose to submit to testing or not, the choice to submit is not a coerced response for purposes of self-incrimination. *See **Spradling v. Deimeke***, 528 S.W.2d 759, 764 (Mo. 1975) ("Neither the request to take a breathalyzer test nor the administration of the test involves interrogation of the arrested person. It simply calls for an affirmative or negative response, neither of which is incriminating in any respect."); *see also **Turpin v. King***, 693 S.W.2d 895, 897 (Mo. App. S.D. 1985) ("Missouri courts hold that no Miranda warning is necessary for a valid request for a driver to take a chemical test. The United States Supreme Court agrees.") (citations omitted).

Ms. Proctor argues a driver arrested for driving while intoxicated is entitled to *Miranda* warnings before being asked take a breath test because (1) it is reasonably likely the driver will respond that she will not take the test and (2) that refusal can be used as evidence of guilt in a criminal trial. She further argues, "when one of only two possible answers to the question is admissible as evidence of guilt, then the question is guilt seeking." However, *Neville* explained a defendant's refusal to submit to a blood-alcohol test given pre-*Miranda* warning was admissible as evidence, and did not violate the Fifth Amendment, because drivers could still choose to not take the test. 459 U.S. at 562. Restated, "a police inquiry of whether the suspect will take a blood-alcohol test is not an interrogation within the meaning of *Miranda*" because there is no compelled response. *Id.* at 564 n.15. A driver can always say "no."

Here, like in *Vandervort*, Deputy Duran read Ms. Proctor Missouri's Implied Consent Statements from Missouri's Alcohol Influence Report form after she was arrested on suspicion of driving while intoxicated but before reading her *Miranda* rights.

7

Instead of refusing to test, as Ms. Vandervort did, Ms. Proctor agreed to take the breath test when asked to do so. Applying the analysis and holding of *Vandervort* to the facts of this case, we conclude the trial court erred when it suppressed the breath test result because such evidence is not testimonial or communicative nor an act coerced by law enforcement and, therefore, is not protected by the privilege against self-incrimination. *Miranda* warnings were not required before Deputy Duran read the Implied Consent Statements and requested Ms. Proctor take a chemical test of her breath, and the breath test result is admissible evidence at trial. As such, the trial court's suppression order is reversed. Point I is granted.

## Conclusion

We reverse the trial court's order granting Ms. Proctor's motion to suppress evidence.

JENNIFER R. GROWCOCK, J. – OPINION AUTHOR

JACK A. L. GOODMAN, C.J. – CONCURS

JEFFREY W. BATES, J. – CONCURS

8