Timothy E. ECKENRODE, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. 22492.

Missouri Court of Appeals,
Southern District,
Division One.

May 12, 1999.

Jeremiah W. (Jay) Nixon, Atty.Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, MO, for appellant.

No appearance, for respondent.

PARRISH, J.

The Director of Revenue (the director) appeals a judgment ordering reinstatement of Timothy E. Eckenrode's motor vehicle operator's license. The director revoked Mr. Eckenrode's license for failure to submit to a chemical test following Mr. Eckenrode's arrest under circumstances in which the arresting officer suspected he was driving the vehicle while in an intoxicated condition. *See* § 577.020.1.[1] Mr. Eckenrode sought and received a hearing in the Circuit Court of Howell County as permitted by § 577.041.4.

The issues for determination at a § 577.041.4 hearing are:

(1) Whether or not the person was arrested;

(2) Whether or not the arresting officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated condition; and,

(3) Whether or not the person refused to submit to the test.[2]

The judgment recites:

The only issue in the case is whether plaintiff [Timothy E. Eckenrode] refused to submit to a chemical test upon request. The only witness was Officer Roger Hayes of the West Plains Police Department. Officer Hayes testified he encountered plaintiff travelling at an excessive rate of speed, stopped him, detected signs of intoxication, administered field sobriety tests, placed plaintiff under arrest for driving while intoxicated, transported him to the West Plains Police Station, read plaintiff the "implied consent" warnings, and then inquired whether he would submit to a test of his breath. According to Officer Hayes, the following sequence of events then transpired.

First, plaintiff replied "no," he would not submit to the test. Second, Officer Hayes then prepared his paperwork including traffic citations and Form 4323 (Notice of Revocation for Refusal to Submit to Chemical Test). Third, Officer Hayes requested that plaintiff sign the form. Fourth, plaintiff requested to speak with an attorney before deciding whether to sign. Fifth, Officer Hayes allowed plaintiff to telephone attorney Don M. Henry. Sixth, plaintiff contacted attorney Henry and discussed the matter with him (for an unstated length of time). Seventh, plaintiff informed Officer Hayes he would agree to take the test. Eighth, Officer Hayes informed plaintiff he had already refused and could not change his mind. Ninth, plaintiff signed Form 4323 acknowledging his refusal of the test and notice of revocation.

It quotes the following language from § 577.041.1:

---

1. References to statutes are to RSMo Supp. 1997, unless stated otherwise.

2. This statute was amended effective May 19, 1998, by L.1998, S.B. 634 § A. The date of

Mr. Eckenrode's arrest was February 20, 1998. The changes effected by the 1998 amendments would not affect the issues presented by this appeal.

If a person when requested to submit to any test allowed under section 577.020 requests to speak to an attorney, he shall be granted twenty minutes in which to attempt to contact an attorney. If upon the completion of the twenty-minute period the person *continues to refuse* to submit to any test, it shall be deemed a refusal. [Emphasis in judgment.]

The judgment construes the language of the statute as follows:

The logical interpretation is that if an arrested person (within a reasonable time) makes such request, he is allowed 20 minutes thereafter to communicate his consent or refusal. If at the end of that period the person *"continues to refuse,"* then (but *only* then) his response shall be deemed a refusal. "Continues" clearly presupposes a *prior* refusal—prior to the request for counsel. Here, according to the Director's own evidence, plaintiff after speaking with his attorney *consented* to the test. He did *not* "continue to refuse" but rather changed his mind. The statute seems plainly to authorize a change of mind in the special case where an arrested person gives consent within 20 minutes after request to speak with counsel. [Emphasis in judgment.]

The director presents two allegations of trial court error. The first is dispositive. For that reason, this opinion addresses only Point I.

Point I asserts the trial court erred in holding that Mr. Eckenrode could later cure or recant his initial refusal to take a breath test; that the holding misinterpreted or misconstrued § 577.041.1. Point I argues "1) the statute expressly provides that once the test is refused 'then none shall be given;' and, 2) Eckenrode did not ask to contact an attorney when he was requested to take the test, nor did he qualify his refusal to take the test by asking to contact an attorney."

■ The director correctly recites that § 577.041.1 provides that when a person under arrest has refused, following a request of the arresting officer, to submit to a test allowed under § 577.020, "then none shall be given." The issue, however, is what constitutes a refusal to take an allowed test within the context of § 577.041.1. The trial court held that a person arrested for driving a motor vehicle while in an intoxicated condition by an officer having reasonable grounds to so believe has 20 minutes in which to communicate his consent or refusal to take the test. It concluded that if the person decided within that 20–minute time frame to speak to counsel, he or she could change their mind; that they would then be entitled to take the test and avoid revocation of their motor vehicle operator's license.

■ In ascertaining the meaning of statutory language, words and phrases are "taken in their plain or ordinary and usual sense." § 1.090, RSMo 1994. As explained in *State v. Haskins*, 950 S.W.2d 613 (Mo. App.1997):

When the General Assembly enacts legislation, it often becomes the task of the courts to interpret the meaning of the statutory language and determine the intent to be ascribed to the language used. *Vice v. Thurston*, 793 S.W.2d 900, 905 (Mo.App.1990). Construction of a statute is a question of law, not judicial discretion. *Delta Air Lines, Inc. v. Director of Revenue*, 908 S.W.2d 353, 355 (Mo.banc 1995).

We approach the task of statutory interpretation mindful that it is the function of the courts to construe and apply the law, and not to make it. *Dees v. Mississippi River Fuel Corp.*, 192 S.W.2d 635, 640[2] (Mo.App.1946). In construing statutes, our primary responsibility is to ascertain legislative intent from the language used, to give effect to that intent if possible, and to consider the words used in their ordinary meaning. *Angoff v. M & M Management Corp.*, 897 S.W.2d 649, 652–653 (Mo.App.

1995); *State v. Cox*, 836 S.W.2d 43, 46 (Mo.App.1992). The General Assembly is presumed to have intended what the statute says; consequently, when the legislative intent is apparent from the words used and no ambiguity exists, there is no room for construction. *See State v. Evers*, 777 S.W.2d 344 (Mo.App. 1989).

*Id.* at 615

Section 577.041.1 provides that if a person, when requested to submit to a test to determine blood alcohol content, requests to speak to an attorney, he or she shall be granted a period of 20 minutes in which to contact an attorney. To open the 20–minute window, the person must request to speak to an attorney at the time the arresting officer asks him or her to submit to a test to determine blood alcohol content. If the window is opened, the person has 20 minutes in which to consent to the test.

Mr. Eckenrode did not request to speak to an attorney when Officer Hayes requested that he take a breath test. He never opened the window that would have permitted him to recant his initial refusal to take the test.

The trial court misstated and misapplied the law. Its interpretation of § 577.041.1 is contrary to the plain and ordinary meaning of the words and phrases of the statute. The statute's words are not ambiguous. The legislative intent is apparent from the words used. The judgment rescinding the director's revocation of Mr. Eckenrode's motor vehicle operator's license and ordering the director to reinstate the license is reversed. The case is remanded. The trial court is directed to enter judgment consistent with this opinion.

PREWITT, P.J., and CROW, J., concur.