**Terry Gene BAKER, Plaintiff–Appellant,**

**v.**

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Defendant–Respondent.**

**No. 26161.**

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 22, 2004.

John Cowherd, Mt. Vernon, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen. and Shawn R. McCall, Asst. Atty. Gen., Jefferson City, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

Terry Baker ("Appellant") appeals the judgment affirming the revocation of his driver's license by the Missouri Department of Revenue ("Director"). We affirm.

In this appeal from the revocation of a driver's license for failure to submit to a breath test, Appellant claims the court erred in upholding the revocation because the Director did not have the statutory authority to revoke his license under section 577.041,[1] in that the arresting officer never made a sworn report to the director claiming Appellant refused a breath test and, thus, the revocation was void. Appellant contends the trial court specifically found that the Alcohol Influence Report (AIR), which is entitled: "Chemical Test Refusal (Officer Must Mark Box If Subject

---

1. All references to statutes are to RSMo Cum. Supp.2003, unless otherwise indicated.

Refused Test)," was not marked nor checked by the officer, and the entire AIR was not signed by the arresting officer. Appellant avers that although the trial court found that no sworn report was submitted to the Director, the court held it was bound by *Turpin v. King,* 693 S.W.2d 895 (Mo.App. S.D.1985), to uphold the revocation.

Appellant argues the trial court misapplied the law as set forth in *Allen v. Director of Revenue,* 59 S.W.3d 636 (Mo.App. W.D.2001), in that the trial court should have found that the Director did not have the statutory authority to revoke Appellant's license without a sworn report from the officer. In *Allen,* the officer submitted an unsigned and unsworn AIR to the director asserting that he had reasonable grounds to believe that Allen was driving a motor vehicle while in an intoxicated condition and that Allen refused to submit to a breath test. *Id.* at 636. The director's only evidence at trial was the unsigned and unsworn AIR. *Id.* at 637. The revocation of the license was reversed by the trial court and affirmed on appeal with the admonition that the actions of the director revoking the license of the person refusing to take a breath test was proper only upon receipt of a sworn report from the officer. *Id.* at 639.

The *Allen* court relied upon *Bodenhausen v. Missouri Board of Registration for the Healing Arts,* 900 S.W.2d 621 (Mo. banc 1995), for the proposition that administrative agencies possess only those powers expressly conferred or necessarily implied by Missouri law and held all the subsequent actions of the director after receiving an unsworn AIR were void. *Allen,* 59 S.W.3d at 638. The court reasoned that although section 577.041.4 provides

circuit courts with limited statutory review, the courts should not be powerless to act where the director ignores statutory requirements. *Id.* Appellant concludes, therefore, that the initial revocation of his license by the Director was void and the trial court erred in affirming a void revocation.

The Director counters that a sworn report was not essential to a revocation action at the trial court because the arresting officer gave sworn testimony before the court. The Director, relying upon *Hinnah v. Director of Revenue,* 77 S.W.3d 616, 620 (Mo. banc 2002), states the issues for the trial court were limited to: (1) whether or not the person was arrested or stopped; (2) whether the officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated or drugged condition; and (3) whether or not the person refused to submit to the test. In other words, whether the actions of the Director in initially revoking the license were proper is not a matter for review by the trial court or this Court. The Director claims *Turpin* is appropriate precedent for the court's decision to uphold the revocation in that this Court in *Turpin* found that the director was not required to offer its business records, including the AIR, to prevail in an action under section 577.041.4. *Turpin,* 693 S.W.2d. at 896. The Director distinguishes the *Allen* case because the only evidence in *Allen* was the director's record, which consisted of the officer's unsworn AIR, whereas the court heard the additional sworn testimony of the arresting officer in this trial.

We are thus presented with two apparently conflicting theories of the requirements of section 577.041.[2] The first

**2.** Section 577.041 states in pertinent part:

**1.** If a person under arrest, or who has been stopped pursuant to subdivision (2) or (3) of

theory, presented by Appellant and his reliance on *Allen*, is that if the officer does not comply with the requirements of section 577.041.2 to provide a sworn affidavit to the Director, then the Director did not have the authority to revoke Appellant's license. If there was no authority to revoke his license, so Appellant's theory continues, all subsequent actions by the Director were void, thus precluding the upholding of a license revocation by the trial court.

The second theory, propounded by the Director and its reliance on *Hinnah*, is that the issue of whether the Director had any authority to revoke the license was not reviewable by the trial court and, thus, not at issue in this appeal. The Director argues that under section 577.041.4 the sole issues concerning the trial court were the three issues set forth in *Hinnah*. The Director concludes, even if there was noncompliance with section 577.041.2 by the Director, our review of the trial court deci-

subsection 1 of section 577.020, refuse upon the request of the officer to submit to any test allowed pursuant to section 577.020, then none shall be given and evidence of the refusal shall be admissible in a proceeding pursuant to section 565.024 or 565.060, RSMo, or section 577.010 or 577.012. The request of the officer shall include the reasons of the officer for requesting the person to submit to a test and also shall inform the person that evidence of refusal to take the test may be used against such person and that the person's license shall be immediately revoked upon refusal to take the test....

2. The officer shall make a sworn report to the director of revenue, which shall include the following:

(1) That the officer has:

(a) Reasonable grounds to believe that the arrested person was driving a motor vehicle while in an intoxicated or drugged condition; or

(b) Reasonable grounds to believe that the person stopped being under the age of twenty-one years, was driving a motor vehicle with a blood alcohol content of two-hundredths of one percent or more by weight; or

(c) Reasonable grounds to believe that the person stopped, being under the age of twenty-one years, was committing a violation of the traffic laws of the state, or political subdivision of the state, and such officer has reasonable grounds to believe, after making such stop, that the person had a blood alcohol content of two-hundredths of one percent or greater;

(2) That the person refused to submit to a chemical test;

(3) Whether the officer secured the license to operate a motor vehicle of the person;

(4) Whether the officer issued a fifteen-day temporary permit;

(5) Copies of the notice of revocation, the fifteen-day temporary permit and the notice of the right to file a petition for review, which notices and permit may be combined in one document; and

(6) Any license to operate a motor vehicle which the officer has taken into possession.

....

4. If a person's license has been revoked because of the person's refusal to submit to a chemical test, such person may petition for a hearing before a circuit or associate circuit court in the county in which the arrest or stop occurred.... At the hearing the court shall determine only:

(1) Whether or not the person was arrested or stopped;

(2) Whether or not the officer had:

(a) Reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated or drugged condition; or

(b) Reasonable grounds to believe that the person stopped, being under the age of twenty-one years, was driving a motor vehicle with a blood alcohol content of two-hundredths of one percent or more by weight; or

(c) Reasonable grounds to believe that the person stopped, being under the age of twenty-one years, was committing a violation of the traffic laws of the state, or political subdivision of the state, and such officer had reasonable grounds to believe, after making such stop, that the person had a blood alcohol content of two-hundredths of one percent or greater; and

(3) Whether or not the person refused to submit to the test.

sion is limited to the trial court's findings on those three specific issues.

Initially, we note that the trial court made explicit findings regarding the submission of a sworn statement by the officer and we defer to the trial court's determination of credibility. *Hinnah,* 77 S.W.3d at 620. We accept the trial court's finding of fact that no sworn affidavit was presented to the trial court and, thus, decide this controversy as an issue of law. Although Appellant contends that we must first decide whether the actions of the agency were "void," we do not believe that issue controls the outcome of this appeal. We have no quarrel with the analysis of our sister court that administrative law is a matter solely of constitutional or statutory creation and the courts must follow the procedures provided by these laws. *See Allen,* 59 S.W.3d at 637. While we also agree with Appellant that the Director's actions may be void, we cannot agree that under section 577.041.4 and a plain reading of *Hinnah,* the controlling Supreme Court precedent, that the trial court misapplied the law in revoking Appellant's license.

As opposed to the review of the administrative decision set forth in *Bodenhausen,* 900 S.W.2d at 622, this Court reviews the circuit court's judgment and not the administrative order. *See Dillon v. Director of Revenue,* 999 S.W.2d 319, 321 (Mo.App. W.D.1999). Review of the trial court's judgment after a trial de novo is governed by the standard set forth in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). *Id.* The decision of the trial court must be affirmed on appeal unless there is no substantial evidence to support the decision, the decision is against the weight of the evidence, or the trial court erroneously declares or applies the law. *Hinnah,* 77 S.W.3d at 620. Thus, even if the administrative action was void, we are constrained to find that pursuant to section 577.041.4

the court was limited to ascertaining (1) whether or not the person was arrested or stopped; (2) whether the officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated or drugged condition; and (3) whether or not the person refused to submit to the test. *See Hinnah* at 620. The inquiry ends once these three questions have been answered. *Id.* The issue raised by Appellant is not contemplated by the statute.

We recognize the anomaly of allowing the Director to revoke a license without the presentation of a sworn affidavit in direct violation of section 577.041.2 and yet this Court refusing to review that action under section 577.041.4. We believe this is simply the wrong forum to address the noncompliance of an administrative agency to follow the strictures of the legislature. We do not believe *Allen* commands a different result, but if we have incorrectly analyzed the holding of *Allen,* we are bound by the latest authority from our Supreme Court in *Hinnah v. Director of Revenue.* Mo. Const. art. V, § 2 (1945); *Tapley v. Shelter Ins. Co.,* 91 S.W.3d 755, 763 (Mo.App. S.D.2002).

The judgment of the trial court is affirmed.

GARRISON, P.J., and PREWITT, J., concur.