**Ronald F. DRISKELL, Petitioner–Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent–Respondent.**

**No. 26507.**

Missouri Court of Appeals, Southern District, Division Two.

Aug. 17, 2005.

Staci Birdsong McNally, Lake Ozark, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Diane F. Peters, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

JEFFREY W. BATES, Chief Judge.

Ronald Driskell ("Driskell") appeals from a judgment sustaining the revocation of his driver's license by the Director of Revenue ("Director"), pursuant to § 577.041 for refusing to submit to a chemical test of his blood alcohol content.[1] We affirm.

1. All references to statutes are to RSMo Cum. Supp. (2004), unless otherwise indicated.

On March 7, 2004, Driskell was arrested for driving while intoxicated by Richland police officer Kimbly Elrod ("Officer Elrod"). Officer Elrod read Driskell the implied consent warning mandated by § 577.041.1, but Driskell refused to submit to a breathalyzer test. On the Director's behalf, Officer Elrod issued Department of Revenue ("DOR") form 4323 to Driskell. This form notified him that, effective March 22, 2004, his driving privileges would be revoked for one year for refusing to submit to a chemical test of his blood alcohol content.

As authorized by § 302.311 RSMo (2000) and § 577.041.4, Driskell filed a petition for review in the Circuit Court of Camden County, Missouri, on March 18, 2004. The trial *de novo* was held on April 26, 2004. Officer Elrod was present and testified about the circumstances which led to Driskell's traffic stop, his subsequent arrest for driving while intoxicated and his refusal to submit to the breathalyzer test. A copy of Officer Elrod's alcohol influence report, DOR form 2389, was admitted in evidence as Exhibit A. This exhibit established that: (1) Driskell was arrested; (2) Officer Elrod had reasonable grounds to believe that Driskell was driving a motor vehicle while in an intoxicated condition; and (3) Driskell refused to submit to a chemical test of his blood alcohol content. Although Exhibit A was not certified by the DOR, the document did prove that Officer Elrod signed the report before a notary. Officer Elrod testified that it was standard procedure for his clerk to mail alcohol influence reports to the Director by certified mail. Based on the "overwhelming evidence" presented by the Director, the court found that: (1) Driskell was arrested; (2) Officer Elrod had reasonable grounds to believe Driskell was driving a motor vehicle while in an intoxicated condition; and (3) Driskell refused to submit to a chemical test.

At trial, Driskell contended his revocation should be set aside because the Director failed to prove she had actually received the sworn alcohol influence report from Officer Elrod. Driskell argued that such proof is required because § 577.041.3 states that, "[u]pon receipt of the officer's report, the director shall revoke the license of the person refusing to take the test for a period of one year...." The prosecutor argued that no such proof was necessary in order for the revocation to be valid, but he then said, "I have no objection to taking this under advisement, and we'll provide the certified copy to the Court." The judge agreed and gave the parties seven days to submit "anything you wish to submit to me" on that issue. At the close of the hearing, the judge stated: "Court grants seven days to submit that, at which time, the Court will deem this matter under advisement." On April 28, 2004, the prosecutor filed certified copies of the Director's records with the trial court. These certified records contain Officer Elrod's sworn alcohol influence report on DOR form 2389.

On May 14, 2004, the trial court entered a judgment sustaining the revocation of Driskell's driving privileges. In a docket entry made on that date, the trial court explained why it rejected Driskell's argument concerning the officer's sworn report:

> Court having reviewed the evidence finds all issues in favor of Respondent. Court admitted into evidence exhibit A, the Alcohol Influence Report. The officer testified that he followed standard procedure to submit the report to the Director of Revenue.... Exhibit A admitted by this Court shows that the officer signed the report before a notary. The officer testified report was sent to DOR per normal office procedure. Unlike the case submitted by Petitioner

*Allen v. Director of Revenue,* 59 S.W.3d 636 the officer testified as to facts regarding submitting report to DOR and Exhibit A contains his notarized signature. Therefore given the above Court finds arresting officer had reasonable grounds to believe Petitioner was driving motor vehicle while intoxicated & Petitioner refused to submit to a chemical test. Judgment entered for DOR. This appeal followed.

■ Our standard of review on appeal is well-settled. We must affirm the trial court's judgment unless: (1) there is no substantial evidence to support it; (2) it is against the weight of the evidence; (3) the trial court erroneously declared the law; or (4) the trial court erroneously applied the law. *Hinnah v. Director of Revenue,* 77 S.W.3d 616, 620 (Mo. banc 2002); *Laney v. Director of Revenue,* 144 S.W.3d 350, 352 (Mo.App.2004).

In Driskell's lone point, he argues that the judgment is unsupported by the evidence and that the trial court misapplied the law because "there was no evidence presented to the Court that a sworn report was submitted to the director of revenue." Driskell bases his argument on *Allen v. Director of Revenue,* 59 S.W.3d 636 (Mo. App.2001). We find this argument unpersuasive because: (1) at a trial *de novo,* the Director is not required to prove that she received a sworn report from the officer; and (2) in any event, *Allen* is factually distinguishable.

*At Driskell's Trial De Novo, the Director Was Not Required to Prove She Received Officer Elrod's Sworn Report*

■ Section 577.041.2 requires the officer to provide the Director with a "sworn report" which sets out the factual basis for revoking a person's driving privileges, based on refusal to submit a chemical test of his or her blood alcohol content. Upon receipt of the officer's report, the Director is required to revoke the person's license. § 577.041.3.

■ If the person is aggrieved by the revocation, he or she may obtain a trial *de novo* in circuit court. § 302.311 RSMo (2000); § 577.041.4. The trial court is only authorized to decide three issues:

At the hearing the court shall determine only:

(1) Whether or not the person was arrested or stopped;

(2) Whether or not the officer had:

(a) Reasonable grounds to believe that the person was driving a motor vehicle in an intoxicated or drugged condition; . . . and

(3) Whether or not the person refused to submit to the test.

§ 577.041.4. The Director bears the burden of proving these three elements. *Hinnah,* 77 S.W.3d at 620. If the Director fails to meet this burden as to any one of the required elements, the circuit court must order the Director to reinstate the person's license or permit to drive. § 577.041.5. On appeal, we review the circuit court's judgment; we do not review the Director's administrative order. *Dillon v. Director of Revenue,* 999 S.W.2d 319, 321 (Mo.App.1999).

As this review of the relevant statutory scheme demonstrates, a person's driving privileges can be administratively revoked if an officer's sworn report provides the Director with the verified factual information required in § 577.041.2. The filing of a petition for review, however, causes the administrative action taken by the Director to become irrelevant because, at the trial *de novo,* the Director is required to replicate the verified facts originally supplied by the officer's sworn report. In other words, the facts supporting revocation—first provided by the officer's sworn

report—must be proven by the Director a second time, in an appropriate evidentiary manner, at the trial *de novo* before the circuit court.

In *Baker v. Director of Revenue,* 151 S.W.3d 144 (Mo.App.2004), we recently addressed the issue of whether the Director must prove at the trial *de novo* that she received a copy of the officer's sworn report. We held that no such proof is required in order for the revocation to be sustained:

> [E]ven if the administrative action was void, we are constrained to find that pursuant to section 577.041.4 the court was limited to ascertaining (1) whether or not the person was arrested or stopped; (2) whether the officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated or drugged condition; and (3) whether or not the person refused to submit to the test. *See Hinnah* at 620. The inquiry ends once these three questions have been answered. *Id.* The issue raised by Appellant is not contemplated by the statute.... We do not believe *Allen* commands a different result, but if we have incorrectly analyzed the holding of *Allen,* we are bound by the latest authority from our Supreme Court in *Hinnah v. Director of Revenue.*

*Id.* at 147. *Baker* is controlling here. The issue Driskell advanced below was irrelevant at the trial *de novo* and cannot be reviewed by us on appeal.

### Allen Is Factually Distinguishable

Assuming—without so holding—that *Allen* has any continued vitality after *Hinnah,* Driskell's argument still fails. In *Allen,* the appellate court specifically noted that "the only evidence presented by the director was the officer's unsworn and unsigned report. The arresting officer did not testify at trial...." *Allen,* 59 S.W.3d at 639 (footnote omitted). We note two factual distinctions in the case at bar that render *Allen* inapposite.

First, the arresting officer did testify at Driskell's trial *de novo.* Officer Elrod's testimony provided the trial court with a sufficient evidentiary basis to find that Driskell was arrested, that Officer Elrod had reasonable grounds to believe Driskell had been driving a motor vehicle while intoxicated, and that Driskell refused to submit to a chemical test of his blood alcohol content. These are the only three issues the trial court was authorized to decide. § 577.041.4; *Hinnah,* 77 S.W.3d at 620; *Baker,* 151 S.W.3d at 147.

Second, there was no dispute in *Allen* that the officer's report was unsworn and unsigned. Here, the trial court admitted Exhibit A, Officer Elrod's alcohol influence report, in evidence. This exhibit proved Officer Elrod signed the report before a notary. Officer Elrod further testified that the report would have been sent to the Director by certified mail pursuant to standard departmental procedure. Even if we assume the foregoing evidence was insufficient to prove that the Director received Officer Elrod's report, the trial court also left the record open and permitted the parties to file anything else they wanted to submit on the issue of whether receipt of a sworn report was required. Acting on this invitation, the prosecutor filed a certified copy of Driskell's DOR records, which proved unequivocally that the Director had received Officer Elrod's sworn report. Based on this evidence, the trial court found the Director did receive Officer Elrod's sworn report. We defer to this factual finding on appeal. *Baker,* 151 S.W.3d at 147. Accordingly, *Allen* simply has no application here.

Driskell's point on appeal is denied. The judgment of the trial court is affirmed.

SHRUM, P.J., and BARNEY, J., concur.