**Brian M. KIMBRELL, Appellant,**

**v.**

**DIRECTOR OF REVENUE, State of Missouri, Respondent.**

**No. WD 65510.**

Missouri Court of Appeals,
Western District.

April 18, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 30, 2006.

F. Randall Waltz, III, Jefferson City, MO, for Appellant.

Cheryl A. Caponegro Nield, Jefferson City, MO, for Respondent.

Before JAMES M. SMART, P.J., ROBERT G. ULRICH, and LISA WHITE HARDWICK, JJ.

ROBERT G. ULRICH, Judge.

Brian M. Kimbrell appeals from the judgment of the Cole County Circuit Court denying his petition for review and thereby sustaining a one year revocation of his driver's license for refusal to submit to a chemical test for blood alcohol content. Mr. Kimbrell presents two points on appeal. First, he argues that he did not refuse to submit to a chemical test because his refusal was not clear and unequivocal given that he was denied twenty minutes to consult with an attorney and was denied the opportunity to consult with other persons in order to obtain the name and telephone number of an attorney. Second, he argues that he did not refuse to submit to a chemical test because he actually did submit to a chemical test, and results were obtained. Mr. Kimbrell's second point is granted, and the judgment is reversed.

### Facts

On February 11, 2005, at approximately 2:00 a.m., Missouri Highway Patrol Trooper Michael Arand arrested Mr. Kimbrell for driving while intoxicated. The arrest occurred at the emergency room of St. Mary's Hospital in Jefferson City. The events leading up to the arrest are not relevant to this appeal as Mr. Kimbrell does not claim that the officer lacked probable cause to believe he had been driving while intoxicated.

Mr. Kimbrell was transported from St. Mary's hospital to the Cole County jail. Trooper Arand read Mr. Kimbrell the implied consent law and asked him to take a breath test. Mr. Kimbrell asked if he could call his employer to obtain advice, and Trooper Arand informed him that he could call an attorney but could not call anyone else before completing the test. Mr. Kimbrell then refused to take the test; the time was 2:32 a.m.

At 2:40 a.m., Mr. Kimbrell received a telephone call at the jail from his attorney. After Mr. Kimbrell spoke with his attorney, he stated that he changed his mind, and he desired to take the breath test. Trooper Arand advised Mr. Kimbrell that he had already refused and made sure that Mr. Kimbrell understood he had already refused. Mr. Kimbrell stated that he understood he had already refused but that he still wanted to take the breath test. Trooper Arand allowed Mr. Kimbrell to take the breath test and obtained a result indicating Mr. Kimbrell had a blood alcohol content of 0.193; the time was 2:48 a.m.[1]

Mr. Kimbrell's driver's license was revoked for his having refused to take a chemical breath test. Mr. Kimbrell petitioned for review of the revocation of his license. Trial was had and judgment was entered on April 29, 2005. The trial court found that Mr. Kimbrell was arrested upon probable cause to believe that he had committed an alcohol related traffic offense. It further found that Mr. Kimbrell refused to submit to a chemical breath test and sustained the revocation of his driving privileges for one year pursuant to section 577.041, RSMo. Mr. Kimbrell's timely appeal followed.

## Standard of Review

The trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, the trial court erroneously declared the law, or the trial court erroneously applied the law. *Driskell v. Dir. of Revenue*, 169 S.W.3d 187, 189 (Mo.App. S.D.2005). The evidence and reasonable inferences drawn therefrom are viewed in the light most favorable to the trial court's judgment and all contrary evidence and inferences are disregarded. *Richardson v. Dir. of Revenue*, 165 S.W.3d 236, 237 (Mo. App. S.D.2005). The trial court determines witness credibility and may believe all, part, or none of any witness's testimony. *Ruth v. Dir. of Revenue*, 143 S.W.3d 741, 744 (Mo.App. S.D.2004). If the evidence is admitted or uncontroverted so that the only issue is the legal effect of the evidence, there is no need to defer to the trial court's judgment. *Hinnah v. Director of Revenue*, 77 S.W.3d 616, 620 (Mo. banc 2002).

## Analysis

"Issuance of a driver's license is no more than a personal privilege; however, once granted, the license may not be revoked arbitrarily but only in the manner and on the grounds provided by law." *Sparling v. Dir. of Revenue*, 52 S.W.3d 11, 13 (Mo.App. E.D.2001). Section 577.020[2]

---

1. Events occurring after the trial court's judgment were not presented to the trial court and may not be considered on appeal. *See 21 West, Inc. v. Meadowgreen Trails, Inc.*, 913 S.W.2d 858, 887 n. 23 (Mo.App. E.D.1995). Thus, this court will not consider whether or how the result of the breath test was used. The significant fact is that a breath test was administered and a result was obtained. Whether the result was used against Mr. Kimbrell in a criminal proceeding and whether that action was successful is irrelevant to this appeal and does not change the analysis.

2. All statutory references are to RSMo Cum. Supp.2004 unless otherwise stated.

states that any person who drives on Missouri's public highways has impliedly consented to a chemical test to determine the content of alcohol or drugs in his or her blood. § 577.020.1; *Johnson v. Dir. of Revenue*, 168 S.W.3d 139, 141 (Mo.App. W.D. 2005). If a person has been arrested for driving while intoxicated and refuses to submit to a chemical test to determine his or her blood alcohol or drug content as allowed by section 577.020, that person's driver's license must be revoked for one year pursuant to section 577.041. § 577.041.3; *Kotar v. Dir. of Revenue*, 169 S.W.3d 921, 924 (Mo.App. W.D.2005). The person must be informed of the consequences of failing to submit to a chemical test; if, after being informed of the consequences, the driver refuses to submit to a chemical test, the officer loses the authority to administer a chemical test as "none shall be given." § 577.041.1; *Borgen v. Dir. of Revenue*, 877 S.W.2d 172, 175 (Mo. App. W.D.1994). The legislative intent expressed within section 577.041.1 is that a law enforcement officer cannot, contrary to the person's refusal to submit, administer a test included within section 577.020.

■ A person whose driver's license has been revoked for failure to submit to a chemical test may petition for a hearing in the county in which the arrest or stop occurred. § 577.041.4; *Kotar*, 169 S.W.3d at 924. At this hearing, the trial court is authorized to determine only the following: (1) whether the driver was arrested; (2) whether the arresting officer had reasonable grounds to believe the driver was driving while intoxicated; and (3) whether the driver refused to submit to an authorized chemical test as requested. *Driskell*, 169 S.W.3d at 189; § 577.041.4. The Director of Revenue bears the burden of proving these three elements by a preponderance of the evidence. *Driskell*, 169 S.W.3d at 189; *Mings v. Dir. of Revenue*,

165 S.W.3d 524, 525 (Mo.App. W.D.2005). If the Director fails to meet this burden as to any one of the elements, the circuit court must order the Director to reinstate the person's driver's license. *Driskell*, 169 S.W.3d at 189. Once the Director establishes a *prima facie* case, the driver may rebut the case or an element by a preponderance of the evidence. *Brown v. Dir. of Revenue*, 164 S.W.3d 121, 125 (Mo.App. E.D.2005). On appeal, it is the circuit court's judgment, and not the Director's administrative order, that is reviewed. *Driskell*, 169 S.W.3d at 189.

■ Both of Mr. Kimbrell's points on appeal pertain to whether he refused to submit to a chemical test. As Mr. Kimbrell's second point is dispositive, it is the only point addressed. In his second point on appeal, Mr. Kimbrell argues that the trial court erred in finding that he refused to submit to a chemical test because he actually did submit to a chemical test, and results were obtained.

Mr. Kimbrell refused to submit to a chemical test included within section 577.020. After speaking with his attorney, he informed Trooper Arand that he changed his mind and requested to take the chemical test. Although Trooper Arand informed Mr. Kimbrell that he had already refused, he allowed Mr. Kimbrell to take a section 577.020 chemical breath test. Mr. Kimbrell's voluntary request and submission authorized Trooper Arand to administer the test, if Trooper Arand elected to conduct it. Trooper Arand administered the test, and the results showed that Mr. Kimbrell had a blood alcohol level of 0.193. Mr. Kimbrell argues that, because he actually did submit to a test and results were obtained, any finding that he refused to submit to a test was erroneous.

The Director relies on the rule that "[o]nce it has been determined that a driver refused to submit to a breath test, the

driver's subsequent request or offer, at a later time, to take the test does not alter his or her earlier refusal." *Moody v. Dir. of Revenue*, 14 S.W.3d 729, 732 (Mo.App. E.D.2000). The Director also cites *Blanchard v. Dir. of Revenue*, 844 S.W.2d 589, 590 (Mo.App. E.D.1993), *Phillips v. Wilson*, 66 S.W.3d 176, 178 (Mo.App. W.D. 2002), and *Ruth*, 143 S.W.3d at 746, for this rule. These cases are distinguishable from the case *sub judice*, however. In all of the cited cases, the police officer refused to administer the test when the driver changed his or her mind and requested the opportunity to take the test. In this case, Trooper Arand administered the chemical test to Mr. Kimbrell, and a result was obtained.

■ "The object and purpose of Missouri's implied consent law 'is to rid the highways of drunk drivers.'" *Hinnah*, 77 S.W.3d at 619 (citation omitted). Missouri adopted the implied consent law "to establish a fixed standard for procuring admissible evidence of blood alcohol for use against persons operating automobiles while intoxicated." *Id.* If the driver refuses to allow police to obtain a more accurate determination of whether he or she is intoxicated by taking the test, his or her license may be revoked for one year. *Soest v. Dir. of Revenue*, 62 S.W.3d 619, 621 (Mo.App. E.D.2001). Giving the driver the option to refuse to consent with the consequence of an automatic one year revocation of his or her driver's license "balances the right to privacy against the public's interest in controlling the menace of drunken driving." *Id.*

Appellate courts have been faced with the task of interpreting what constitutes a refusal within the context of the implied consent statute. In construing statutes, this court's primary responsibility is to determine legislative intent and give effect to that intent if possible. *Eckenrode v.*

*Dir. of Revenue*, 994 S.W.2d 583, 585 (Mo. App. S.D.1999). The one year revocation provided for in section 577.041 is the consequence of an arrested driver's refusal to submit to a test that permits law enforcement officers to more objectively determine whether a driver's blood alcohol content exceeds the statutory presumptive level for intoxication. In this case, Mr. Kimbrell asked to take the test after his refusal, and the test was administered, which disclosed that his blood alcohol content exceeded the statutory level for intoxication presumption. The purpose of the statutory scheme was fulfilled as the police collected admissible evidence regarding Mr. Kimbrell's level of intoxication. Although Mr. Kimbrell initially refused, Trooper Arand granted Mr. Kimbrell's request that he be administered the test and procured evidence of Mr. Kimbrell's blood alcohol level potentially admissible in both civil and criminal proceedings. For Trooper Arand to both administer the test and obtain the evidentiary results and to invoke the successful mandatory statutory civil revocation proceedings, claiming that Mr. Kimbrell had refused the test, was inconsistent. The Director may not have it both ways. Mr. Kimbrell suffered the consequences of refusing to submit to a test and also the consequences resulting from the test results that displayed a blood alcohol content that exceeded the statutory limit presumptive of intoxication.

Trooper Arand's documentation of the incident was admitted at trial. Among Trooper Arand's paperwork was an Alcohol Influence Report, form number 2389. While the report consists of only one page one, two, and four, page three is included in the report twice. The first page three reflects that Mr. Kimbrell refused to take a chemical breath test at 2:32 a.m. The second page three shows that Mr. Kimbrell agreed to take a chemical breath test

at 2:48 a.m. The second page three then contains the required information regarding the breath test machine that was used, whether it was operated correctly, and the result obtained from the machine. The second page three reveals the blood alcohol concentration by weight of .193% was obtained. The evidence ticket printed by the breath test machine, indicating the result of 0.193, was also included in the paperwork.

 The one year revocation provided by section 577.041 was intended a consequence for a properly arrested driver's refusal to allow law enforcement authorities to ascertain the driver's blood alcohol level. If a driver refuses to submit to a test, law enforcement authorities are not compelled to administer the test if the driver changes his or her mind and requests the opportunity to take the test. If a law enforcement officer elects to administer the test, however, and results are obtained, the alcohol content within the driver's blood has been demonstrated and presumably is evidence in both civil and criminal proceedings, and the statutory purpose has been fulfilled. The Director may not then revoke the driver's license for failure to submit to the test.

Mr. Kimbrell's second point is granted, and the judgment is reversed.

All concur.