**Todd A. BENDER, Appellant,**

v.

**DIRECTOR OF REVENUE,
Respondent.**

No. ED 93522.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 31, 2010.

Ronald E. Jenkins, St. Louis, MO, for appellant.

Chris Koster, Atty. Gen., Jefferson City, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Todd Bender appeals the judgment of the trial court in favor of the Director of Revenue, State of Missouri ("DOR") on Bender's petition for review of the disqualification of his driving privileges. Bender contends that because samples of his blood were taken for purposes of determining his blood alcohol content based on a search warrant, he did not refuse to submit to a chemical test of his blood. Finding no error, we affirm.

On or about 10:24 p.m., November 21, 2008, Officer Richard Harrell of the Troy Police Department stopped Bender while he was operating a motor vehicle upon suspicion of driving while intoxicated. Officer Harrell asked Bender to perform several field sobriety tests, which he did. Following the completion of these tests, Officer Harrell arrested Bender for driving while intoxicated, and took him to the Lincoln County Medical Center ("Hospital"). At the Hospital, Officer Harrell advised Bender of his Miranda rights, and then read the Missouri Implied Consent

law to him. Officer Harrell then asked him to submit to a chemical test of his blood. Bender requested the opportunity to contact an attorney, and after speaking with his lawyer at approximately 11:30 p.m., he refused to submit to a chemical test of his blood.

Officer Harrell advised Bender that he was going to take him to the Lincoln County Sheriff's Department, where he would be held in jail while Officer Harrell applied for a search warrant. Officer Harrell submitted an affidavit to the Lincoln County Prosecuting Attorney for a search warrant for two vials of blood to be drawn from Bender. At approximately 2:15 a.m., November 22, 2008, a judge signed a search warrant for the blood, which was executed at the Hospital later that morning. Blood was drawn from Bender at 3:15 a.m. and again at 4:15 a.m. Bender did not consent to either draw. The two vials of blood were sent for analysis to the Missouri State Highway Patrol Criminal Laboratory.

On November 22, 2008, the DOR notified Bender that his driving privileges would be revoked pursuant to section 577.041 RSMo (Cum.Supp.2008).[1] Bender timely filed a petition for review in the trial court. The case was heard on July 14, 2009, and submitted on records entered into evidence by the DOR. Bender objected to the admission of the DOR records, and his counsel argued that while he refused to take a blood test upon advice of an attorney, he did take a blood test after a search warrant was obtained. The trial court admitted the DOR records into evidence and denied Bender's petition for review, and specifically found in the judgment that Bender had refused to submit to a chemical test.

Bender now appeals from this judgment.

Our review of a driver's license suspension or revocation is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). *Orton v. Director of Revenue*, 170 S.W.3d 516, 520 (Mo.App.2005). Thus, we will affirm the judgment of the trial court's decision to reinstate driving privileges if it is supported by substantial evidence, it is not against the weight of the evidence, and it does not erroneously declare or apply the law. *Id.* (citing *Murphy*, 536 S.W.2d at 32). Where the issue is statutory interpretation, which is a matter of law, we review the matter *de novo*. *S.S. v. Mitchell, Director of Revenue*, 289 S.W.3d 797, 799 (Mo.App.2009).

In his sole point relied on, Bender contends that the trial court erred in finding that he refused to submit to a chemical test of his blood because that finding is not supported by substantial evidence and is against the weight of the evidence in that he ultimately did submit to a chemical test of his blood that allowed the police officer to obtain his blood alcohol content. Bender argues that the trial court erroneously declared and misapplied the Implied Consent law.

Section 577.041.3 requires that the DOR revoke the license of a person under arrest for a DWI for refusing, when requested, to take a chemical test allowed under section 577.020 for a period of one year. Under section 577.041.4, a person whose license has been revoked for refusal to submit to a chemical test may petition for a hearing before a trial court in the appropriate county. At the hearing on such a petition, the DOR has the burden of proving all the required elements for upholding the revocation. *Testerman v. Director of Revenue*, 31 S.W.3d 473, 475–76 (Mo.App.2000). To make a *prima facie*

---

1. Unless noted otherwise, all further statutory citations are to RSMo (Cum.Supp.2008).

case for revocation, the DOR must show that: 1) the driver was arrested; 2) the arresting officer had reasonable grounds to believe that the driver was driving a motor vehicle while intoxicated; and 3) the driver refused to submit to an authorized chemical test as requested. Section 577.041.4; *Mount v. Director of Revenue*, 62 S.W.3d 597, 599 (Mo.App.2001). In the present case, the matter at issue is the third element, the refusal to submit to a chemical test.

For purposes of section 577.041, a "refusal" means declining of one's own volition to take a chemical test authorized by section 577.020 when requested to do so by an officer. *See Spradling v. Deimeke*, 528 S.W.2d 759, 766 (Mo.1975); *Kotar v. Director of Revenue*, 169 S.W.3d 921, 925 (Mo.App.2005). "The **volitional failure** to do what is necessary in order that the test can be performed is a refusal." *Spradling*, 528 S.W.2d at 766 (emphasis added). Bender argues that because samples of his blood were obtained and a chemical test performed pursuant to a search warrant obtained after he had, upon advice of counsel, refused to submit to a chemical test of his blood, this is not a "refusal" under section 577.041. This argument is unpersuasive. Obtaining evidence of a driver's blood alcohol content under the Missouri Implied Consent Law is distinct from obtaining evidence by a search warrant. *State v. Smith*, 134 S.W.3d 35, 40 (Mo.App. 2003). The Missouri Implied Consent Law is directed to warrantless testing by consent by law enforcement officers, providing administrative and procedural remedies for refusal to comply. *Id.* Submitting to a court-ordered search warrant for one's blood is not the same as consenting, making a volitional choice, to submit to a chemical test. Bender's reliance on *Kimbrell v. Director of Revenue*, 192 S.W.3d 712 (Mo. App.2006) is misplaced. In that case, the driver, Mr. Kimbrell initially refused to submit to a chemical test, but changed his mind after his attorney contacted him. *Id.* at 714. It is only because he voluntarily requested the opportunity to submit to a chemical test after his initial refusal that the police were authorized to administer the test, if the officer elected to conduct. *Id.* If the police officer had chosen not to administer the test after the refusal, Mr. Kimbrell could not have compelled him to do so. *Id.* at 716. There is no evidence of any volitional acquiescence by Bender to submitting to a chemical test of his blood. If, after his initial refusal, Bender voluntarily requested to submit to a chemical blood test and Officer Harrell had agreed to have it administered, then *Kimbrell* would be applicable. This is not what occurred. Bender's refusal required Officer Harrell to request a search warrant for Bender's blood. Point denied.

The judgment of the trial court is affirmed.

SHERRI B. SULLIVAN, P.J., and LAWRENCE E. MOONEY, J., concur.