**Robert Joseph SMITH, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

**No. ED 99251.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 1, 2013.

---

Rachel Jones, Jefferson City, MO, for appellant.

Travis L. Noble, Jr., St. Louis, MO, for respondent.

ROY L. RICHTER, Presiding Judge.

The Director of Revenue ("Director") appeals from the judgment reinstating the driving privileges of Robert J. Smith ("Smith"). The judgment reinstating Smith's driving privileges is reversed, and the cause remanded.

## I. BACKGROUND

On June 10, 2011, Smith was arrested for driving while intoxicated by Officer Scott Snodgrass ("Officer Snodgrass") of the De Soto Police Department, in Desoto, Missouri. Director, thereafter, administratively suspended Smith's driving privileges and Smith filed a Petition for Trial De Novo in the Circuit Court of Jefferson County to appeal the suspension.

Smith mailed a subpoena to Officer Snodgrass to secure his presence at the trial scheduled for August 13, 2012. Officer Snodgrass did not appear on August 13, 2012, and the case was continued. Again, Smith mailed a subpoena to Officer Snodgrass to secure his presence at the trial scheduled for October 9, 2012. Once more, Officer Snodgrass failed to appear for the scheduled trial.

Director sought to submit his case by admitting the certified written reports of Officer Snodgrass, pursuant to Section 302.312, RSMo Cum.Supp.2010.[1] Smith made an oral motion requesting that the trial court strike the certified written reports of Officer Snodgrass on the basis

1. Unless otherwise indicated, all statutory references are to RSMo Cum.Supp.2010.

that it would be "fundamentally unfair" for Director to proceed with Officer Snodgrass's written reports in light of the fact that Officer Snodgrass was subpoenaed by Smith in order to challenge said reports and failed to appear. Director informed the trial court that without Officer Snodgrass's reports, Director could not meet his burden, and, thereby, could not proceed with the case.

The trial court granted Smith's oral motion to strike, and orally ordered Smith to submit copies of the subpoena. There is nothing in the record before this Court to indicate the subpoenas were ever submitted to the trial court. The trial court entered its judgment ordering Director to reinstate Smith's driving privileges on November 30, 2012.

This appeal now follows.

## II. DISCUSSION

In his sole point on appeal, Director argues the trial court erred as a matter of law in granting Smith's motion to strike Officer Snodgrass's certified written reports on the grounds Officer Snodgrass failed appear at trial after being twice subpoenaed, because Smith's subpoenas were invalid as they did not conform to the requirements of Chapter 491.

### Standard of Review

■ Our review of a trial court's judgment reinstating driving privileges following an administrative suspension or revocation is, as in all court-tried civil cases, governed by the principles set forth by the Missouri Supreme Court in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). *White v. Dir. of Revenue,* 321 S.W.3d 298, 307–08 (Mo. banc 2010). The judgment of the trial court will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy,* 536 S.W.2d at 32; *see also Bender v. Dir. of Revenue,* 320 S.W.3d 167, 169 (Mo.App. E.D.2010).

### Analysis

■ Nothing in the record filed with this Court indicates that Smith complied with the clear and statutorily-mandated requirements of Chapter 491; there is nothing in the record to indicate that a subpoena was ever served on Officer Snodgrass by any sheriff, coroner, marshal, constable or any disinterested person who would be a competent witness. *See* Section 491.110. Moreover, there is no record of any return of service by anyone who might have served a subpoena.

■ When a witness fails to obey a trial subpoena, the litigant causing such subpoena to be issued has the option of: (1) applying to the court for a writ of attachment, pursuant to Section 491.150;[2] or (2) applying for contempt proceedings. *See* Section 491.150; *see also State v. Mixen,* 426 S.W.2d 92, 94 (Mo.1968). "[E]nforcement of the command of a subpoena in cases of noncompliance is ordinarily initiated by the party in interest and not by the [trial] court." *Mixen,* 426 S.W.2d at 94. However, while enforcement of a trial subpoena is generally requested by the party seeking to enforce the subpoena, "Missouri courts have held that a trial court may not issue a writ of body attachment until the witness has failed to obey a *validly executed subpoena,* which requires *evidence that the witness was properly served." State v. Moore,* 359 S.W.3d 520, 523 (Mo.App. E.D.2012) (emphasis added).

2. "A person summoned as a witness in any cause pending in any court of record, and failing to attend, may be compelled, by writ of attachment against his body, to appear...." Section 491.150.

Without the request of any litigant, the trial court, on the other hand, has been statutorily granted the power to "impose a fine, not exceeding fifty dollars, on every person *duly summoned* as a witness," who fails to appear for trial. Section 491.190 (emphasis added). This Court finds no other statutorily granted recourse which the trial court may independently pursue when a witness fails to appear under the summons of a validly executed subpoena.

Here, the trial court, without reviewing the validity of the subpoenas issued for Officer Snodgrass, excluded the entirety of Officer Snodgrass's written reports as a result of Office Snodgrass's failure to appear before the court upon the issuance of two allegedly valid subpoenas. Smith argues that the trial court's inherent and discretionary powers to strike non-party witness' testimony empowered the trial court to strike Officer Snodgrass's written reports. Conversely, Director argues the trial court had no power to strike the written reports of Officer Snodgrass.

Assuming, *arguendo,* the trial court does have the authority to strike written reports of a non-party witness for his or her failure to appear under the issuance of a duly executed subpoena, we find that the trial court had no such authority under the facts in this case. No copies of the subpoenas or evidence of their service upon Officer Snodgrass were ever before the court to allow for a determination of whether the subpoenas complied with the requirements of Chapter 491. Absent such evidence, the trial court was without substantial evidence that Officer Snodgrass was properly and duly subpoenaed. Therefore, the trial court could not impose

a sanction or remedy for Officer Snodgrass's non-attendance because it had not yet determined if Officer Snodgrass was, in fact, duly required to appear before the trial court.

Furthermore, because the trial court was not presented any evidence demonstrating the validity of the subpoenas, this Court cannot so determine either.[3] We remand to the trial court to conduct a hearing. If the driver wishes to have the officer present, the clear requirements of Section 491.110 *et seq.* should be followed.

### III. CONCLUSION

The judgment of the trial court reinstating Smith's driving privilege is reversed and the cause is remanded for further proceedings consistent with this opinion.

CLIFFORD H. AHRENS and GLENN A. NORTON, JJ., Concur.

---

**3.** Before this Court, Smith attempts to submit copies of the subpoenas and an affidavit from the administrative supervisor of the De Soto Police Department in order to prove the validity of the subpoenas. However, "[a]ppellate review of a trial court's judgment is limited to evidence that was properly before the trial court[,]" and, therefore, we cannot review this evidence. *McDonald v. Thompson,* 35 S.W.3d 906, 909 (Mo.App. S.D.2001).