

In the

## Missouri Court of Appeals
### Western District

JERRY ALLAN RIDGE, JR.,

      Respondent,

v.

DIRECTOR OF REVENUE,

      Appellant.

WD75986

OPINION FILED:

APRIL 29, 2014

**Appeal from the Circuit Court of Miller County, Missouri**
**The Honorable Kenneth L. Oswald, Judge**

**Before Division Three: Anthony Rex Gabbert, P.J.,**
**Victor C. Howard, Thomas H. Newton, JJ.**

The Director of Revenue appeals the circuit court's judgment reinstating the driver's license of Jerry Ridge, Jr. The Director raises one point on appeal. The Director argues that the court erred in reinstating Ridge's driving privileges because Ridge's statement to the Missouri State Highway Patrol Trooper that he did not want to take a chemical blood test constituted a refusal. We affirm.

### Factual Background

On August 5, 2012, Missouri State Highway Patrol Trooper Derek Mason stopped the vehicle driven by Ridge because Mason noticed Ridge's vehicle commit a lane violation. When Mason interacted with Ridge he noticed that Ridge had several signs of intoxication, including

an odor of marijuana, bloodshot and glassy eyes, and mumbling of speech. Ridge also admitted to Mason that he had been smoking marijuana shortly before being pulled over.

After noticing these signs of intoxication, Mason administered several field sobriety tests which Ridge failed. As a result, Mason arrested Ridge for driving while intoxicated. Mason advised Ridge of his Miranda rights and Missouri's Implied Consent Law and requested a sample of Ridge's blood. Ridge agreed to provide a blood sample. A short time later while Ridge and Mason were sitting in the patrol car, Mason recorded in his report that Ridge refused after initially agreeing to provide a blood sample. Because of his noted refusal, Mason did not get a blood sample from Ridge and the Director sought to have Ridge's license revoked for a year. Ridge filed a petition for review.

At the hearing, the circuit court heard testimonies from Mason and Ridge. Mason testified that, while he did not remember the exact words Ridge used, Ridge refused after initially agreeing to submit a blood test. Ridge testified that, before Mason drove him to get his blood test, Mason inquired if Ridge "really want[ed] to do this? Because I don't want to get all the way down there and then you not do it." Ridge testified that he then told Mason that he didn't want to do it. The court found that Ridge did not "unequivocally refuse" to submit to a chemical test of his blood and reinstated Ridge's driver's license. The Director appeals.

**Standard of Review**

This Court reviews a trial court's judgment in a driver's license revocation case like any other court-tried civil case. *White v. Dir. of Revenue*, 321 S.W.3d 298, 307 (Mo. banc 2010). On appeal of a court-tried civil case, we will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murhpy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "The

2

evidence and reasonable inferences drawn therefrom are viewed in the light most favorable to the trial court's judgment and all contrary evidence and inferences are disregarded." *McKay v. Dir. of Revenue*, 382 S.W.3d 119, 121 (Mo. App. 2012) (quoting *Kimbrell v. Dir. of Revenue*, 192 S.W.3d 712, 714 (Mo. App. 2006)). Furthermore, it is the fact finder's duty to weigh the evidence and determine the credibility of witnesses. *State v. Kimes*, 234 S.W.3d 584, 586-87 (Mo. App. 2007).

## Missouri Implied Consent Law

In the Director's sole point on appeal, the Director argues that the court erred in reinstating Ridge's driving privileges because Ridge's statement to Mason that he did not want to take a chemical blood test constituted a refusal. We find no error.

Under Missouri's Implied Consent Law, a person who operates a motor vehicle on the public highways in Missouri is deemed to have given implicit consent to "a chemical test or tests of the person's breath, blood, salvia, or urine" if a police officer has reasonable grounds to believe the driver is in an intoxicated or drugged condition. § 577.020.1, RSMo 2000;[1] *McKay*, 382 S.W.3d at 121. A driver may, however, revoke his implied consent when asked to submit to chemical testing. § 577.041.1. If the driver refuses the testing, their driver's license is revoked for one year. § 577.041.3.

A person who has their driving privileges revoked by the Director for failure to submit to chemical testing may seek review of the revocation in the circuit court of the county where the arrest or stop occurred. § 577.041.4. "At this hearing, the trial court is authorized to determine only the following: (1) whether the driver was arrested; (2) whether the arresting officer had

---

[1] All statutory references are to the Revised Statutes of Missouri as updated through the 2012 Cumulative Supplement.

reasonable grounds to believe the driver was driving while intoxicated; and (3) whether the driver refused to submit to an authorized chemical test as requested." *Kimbrell*, 192 S.W.3d at 715 (citing *Driskell v. Dir. of Revenue*, 169, S.W.3d 187, 189 (Mo. App. 2005); § 577.041.4). The Director bears the burden of proving these elements by a preponderance of the evidence. *Id.* If the court determines that any of these three elements is lacking, the court shall order the Director to reinstate the license. § 577.041.5.

In this case, neither the Director nor Ridge contest whether Ridge was arrested nor whether Mason had reasonable grounds to believe Ridge was driving while intoxicated. The only contested issue on appeal is whether Ridge refused to submit to a blood sample as requested by Mason. "In reviewing a particular issue that is contested, the nature of the appellate court's review is directed by whether the matter contested is a question of fact or law." *White*, 321 S.W.3d at 308. When this Court reviews questions of fact, deference is given to the fact-finder. *Id.* "When the facts relevant to an issue are contested, the reviewing court defers to the trial court's assessment of the evidence." *Id.*

Here, the facts revelant to Ridge's alleged refusal are contested. At the hearing, the Director's only witness was Mason who testified that Ridge agreed to take the chemical blood test after he read Ridge the Missouri Implied Consent Law. He also testified that a few minutes after Ridge agreed to take the chemical blood test Ridge stated that he did not want to take the test. Mason, however, could not recall exactly what Ridge said. Instead, he could only remember that Ridge said he did not want to do it. Mason testified that he did not advise Ridge of the Missouri Implied Consent Law after his initial notice.

Trooper's Narrative, apparently recorded by Mason the night of the arrest, was also admitted into evidence. It read in part:

> At 0026 hours, I read Ridge the Missouri Implied Consent Law and requested a chemical sample of his blood at which time Ridge stated, "Yes." At 0027 hours, I advised Ridge of his Miranda rights, at which time Ridge stated he understood. At 0032 hours, Ridge stated he would not submit to a chemical test of his blood. Ridge was then transported to the Miller County jail for processing.

Ridge was the only other witness to testify at the hearing. He testified that, shortly after agreeing to the chemical blood test, Mason said, "Well, do you really want to go do this? Because I don't want to get all the way down there and then you not do it." Ridge then responded that he "didn't want to do it." Ridge also testified that he did not believe by making this response he was refusing to take the chemical blood test because he did not want to lose his license.

In the circuit court's judgment, the court found that Ridge agreed to submit to a chemical blood test after being read the implied consent law by Mason. The court further concluded that after agreeing to the test Ridge did not thereafter "unequivocally refuse" to submit to the chemical blood test. Viewing the evidence in the light most favorable to the judgment, and deferring to the circuit court's assessment of the evidence, we find that the court's judgment was not against the weight of the evidence.

Here, the record reveals that Mason could not remember what Ridge actually said when he purportedly refused to take the test. Mason's report also did not contain the exact language Ridge used even though the report quoted Ridge's response when he first agreed to take the chemical blood test verbatim. Although the Director argues that Ridge was uncooperative, Mason's report and corresponding testimony shows that Ridge had been fully cooperative with Mason. The fact that Ridge was unable to properly follow the instructions for each of the field sobriety tests does not mean that he was uncooperative—only that he failed the tests.

5

Furthermore, based on Ridge's testimony as to Mason's statements following Ridge's initial consent, an inference can be made that Ridge's refusal was prompted or influenced by Mason's seemingly unnecessary inquiry into whether Ridge really wanted to go through with the blood test. Such an inference could reasonably cast doubt on whether Ridge's statement was actually a refusal.[2] *See Bruce v. Dept. of Revenue*, 323 S.W.3d 116, 121 (Mo. App. 2010) ("A 'refusal' occurs when a person fails, of his or her own volition, to do what is necessary in order for the test at issue to be performed."). Hence, the court's conclusion that Ridge did not "unequivocally refuse" to submit to a chemical test was not against the weight of the evidence.

We conclude, therefore, that the circuit court did not err in reinstating Ridge's driving privileges after finding that Ridge did not refuse to submit to a chemical blood test as the court's judgment was not against the weight of the evidence. Consequently, as the Director failed to meet its burden that Ridge refused to take the chemical blood test, Ridge was entitled to reinstatement. We affirm the circuit court's judgment.

_____
Anthony Rex Gabbert, Judge

All concur.

---

[2]We note that, in light of the facts presented herein, not "wanting to" submit to the test and "refusing to" submit to the test are distinguishable. While many drivers may not "want" to take the test, they are nonetheless willing when faced with potential license revocation. That was exactly the case here. Ridge made an affirmative response when asked to take the test. When later asked by Mason if he wanted to take the test, Ridge responded that he didn't want to. However, at the revocation hearing, Ridge testified that he didn't want to take the test but would in order not to lose his license.

6